[Civ. No. 11414. Fourth Dist., Div. One. Feb. 26, 1973.]

DALE L. TAYLOR, Plaintiff and Appellant, v.
RICHARD ALLEN HIZER, Defendant and Respondent.

---

**Counsel**

Sandor W. Shapery for Plaintiff and Appellant.

Smith, Shifflet & Sharp and Philip D. Sharp, Jr., for Defendant and Respondent.

---

**Opinion**

**WHELAN, Acting P. J.**—Dale C. Taylor, plaintiff, has appealed from a judgment dismissing his action based upon the granting of a motion to dismiss under Code of Civil Procedure section 581a.

In granting the motion, the court specified the ruling was not based upon Code of Civil Procedure section 583, subdivision (b), the provisions of which also were urged as a ground of the motion.

The action was filed on October 20, 1966, for personal injuries alleged to have been caused by a collision on March 2, 1966, in San Diego County, between two automobiles, in one of which plaintiff was a passenger, which was being operated with the consent of Richard Allen Hizer, the owner thereof.

Summons was issued on October 20, 1966.

On December 9, 1971, Hizer's answer was filed.

On December 13, 1971, Hizer's motion to dismiss was filed based upon Code of Civil Procedure sections 581a and 583, subdivision (b).

At the time the action was filed, Code of Civil Procedure section 581a so far as relevant provided: "[A]ll actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, . . . unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State : . . . ."

In 1969 section 581a was amended effective as of July 1, 1970, so that in relevant part it read and ever since has read: "(a) [A]ll actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.

"· · · · · · · · · · · · ·

"(d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section." Hizer's brief states he was served on August 12, 1971.

Before Hizer was served, an order for service by publication was made on January 12, 1971, which found he was absent from the state based upon a declaration to that effect.

In opposition to the motion to dismiss, a declaration was filed which stated an attempt had first been made to serve Hizer on or about August 31, 1967, at a street address in San Diego County; that on September 5, 1967, declarant was informed Hizer was in Italy and would be there for approximately two years; that an attempt was made by someone other than the declarant to serve Hizer in Naples but he was not found there; that after numerous communications with the Navy Department, the address given in the application for service of summons by publication was obtained.

We have had the file of the superior court brought before us under the rule permitting such action.

In that file are the exhibits attached to the declaration in opposition to the motion, one of which was a report by the agency to which the summons had been sent for service in San Diego on August 30, 1967. The photostatic copy of that report in the record on appeal does not reproduce a notation that appears on what was attached to the original declaration before the trial court when the motion to dismiss was presented. That notation is as follows: "Neighbor states Hizers presently in Italy. Gone about 2 months ago. She rents house and takes care of same for them. 553 Sears, USN"

So far as concerns the case at bench, the most significant change in section 581a as a result of the 1969 amendment is the elimination of the requirement the defendant's appearance be filed within three years in order to avoid the operation of the dismissal provisions.

The statute as amended applies to all pending actions commenced before the effective date of the amendment, July 1, 1970.

Hizer filed a general appearance on December 9, 1971.

Unless, therefore, prior to July 1, 1970, there had been a total of three years during which Hizer was not absent from the state, a dismissal under section 581a as it was prior to the amendment is not permissible.

Exceptions to the operation of dismissal statutes must be strictly construed. (*Mass* v. *Superior Court,* 197 Cal.App.2d 430, 437 [17 Cal.Rptr. 549]; *Wiggins* v. *Washington Nat. Life Ins. Co.,* 246 Cal.App.2d 840, 846 [55 Cal.Rptr. 129].)

The burden of establishing the existence of the facts suspending the

effect of the provisions of section 581a rests upon the plaintiff. (*Bernstein* v. *Superior Court,* 2 Cal.App.3d 700, 702 [82 Cal.Rptr. 775]; see also *Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 273 [331 P.2d 705], dealing with section 583.)

The proper method of determining when the three years have elapsed prescribed for return of the summons by section 581a as it was before the amendment is to add to the three years the period or periods of the proven absence of defendant from the state. (*Griffin* v. *Bray,* 262 Cal. App.2d 357, 361 [68 Cal.Rptr. 649]; *Lambert* v. *Raney,* 239 Cal.App.2d 659, 661 [49 Cal.Rptr. 126].)

The elapsed time between October 20, 1966, and the effective date of the amendment was three years and 253 days.

The declaration in opposition to the motion to dismiss is based upon information received by the declarant.

However, the declaration based upon hearsay was considered by the court apparently without objection. Its statement Hizer was in Italy for two years seems to have been the basis of the trial court's denial of the motion to dismiss under section 583.

As observed in *Griffin* v. *Bray, supra,* 262 Cal.App.2d 357, 361, defense counsel has not contended at any time during the proceedings before the trial court or this court that their client was in the State of California for the prescribed period of time that would entitle them to dismissal under section 581a of the Code of Civil Procedure.

No appeal was taken from the trial court's ruling on the motion to dismiss under section 583. We, therefore, give it no consideration except to observe the denial must have been based upon an implied finding Hizer was absent from the state for such periods that plaintiff did not have a reasonable opportunity to bring the case to trial within five years, since because of Hizer's absence service of summons could not be effected.

Hearsay, if received without objection, is competent evidence. (*Smith* v. *Smith,* 135 Cal.App.2d 100 [286 P.2d 1009].)

Since the evidence before the trial court was that Hizer was absent from the state for substantially more than 253 days between October 20, 1966, and July 1, 1970, he was not within the state for the three years that would have entitled him to a compulsory dismissal before the effective date

of the amendment under which the filing of a general appearance cured the failure to effect service and return the summons within three years.

The judgment is reversed.

Ault, J., and Cologne, J., concurred.