[L.A. No. 30267. In Bank. July 18, 1974.]

CARL H. BUSCHING et al., Petitioners, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
ANDREW MORENO, Real Party in Interest.

**COUNSEL**

Jones & Wilson and Robert E. Jones for Petitioners.

No appearance for Respondent and for Real Party in Interest.

**OPINION**

**McCOMB, J.**—Petitioners seek a writ of mandate to compel the dismissal of an action for damages (insurance contract), in which they are some of

the named defendants, upon the ground that plaintiff failed to serve them and make return of service within three years after the commencement of the action, and that within that time they neither made a general appearance in the action nor filed a stipulation in writing that the time might be extended.

Motion to dismiss was based on section 581a, subdivision (a), of the Code of Civil Procedure which reads: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

Subdivision (e) of section 581a provides that "A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, or stipulation extending time for service of summons and return thereof, constitute a general appearance."

Minute order of August 27, 1973, denying petitioners' motion to dismiss merely recites that the motion was argued by both parties and was submitted and that "now therefore, the court having been fully advised in the premises and good cause appearing therefor, IT IS ORDERED that said motion is denied."

Petitioners allege that the ruling was based upon estoppel arising from their letter of March 15, 1973, to plaintiff's counsel, acknowledging that service had been made upon them on March 14, and confirming that counsel had granted them an extension of time until May 15 to answer or otherwise plead. The original complaint was filed on March 12, 1970. The three-year period upon which petitioners relied expired March 12, 1973, unless that term was enlarged pursuant to the exceptions stated in the statute or the facts were such that they came within an implied exception.

We have had the file of the superior court brought before us under the rule permitting such action.

*Facts*: On March 12, 1970, Andrew Moreno commenced this action naming as defendants C. B. Insurance Agency, Ulrich Insurance Service, Inc., and Does I through III. He filed an amended complaint on February

9, 1973, after Russell Westall, doing business as C. B. Insurance Company, filed an answer. The amended complaint named as additional defendants American Home Assurance Company, a corporation; Anderson and Murison, a corporation; P. E. Brown & Company, a corporation; Carl H. Busching; and Does I through XX, inclusive. Defendant Busching was alleged to be an employee of defendant P. E. Brown & Company and both were alleged to be agents of the other defendants and to have conspired with them to deny Moreno's claim for damages.[1]

On April 16, 1973 (after the three-year statutory period had expired), separate demurrers were filed by defendants Busching and by defendants American Home and Anderson and Murison. Opposition to each demurrer was filed by Moreno, who also requested that the clerk enter the default of Anderson and Murison. This request was refused on the ground that the demurrers were under submission.[2]

While the demurrers were under submission defendants American Home and Anderson and Murison filed notice of motion to dismiss pursuant to section 581a, alleging that summons was not served and returned within three years after the commencement of the action and that there was no general appearance by them within that time. The declaration of their attorney also alleged that no stipulation in writing was filed with the court extending the limitation period prescribed by this section; that no stipulation of any sort, written or otherwise, was ever made by or on behalf of

---

[1] The original complaint alleged that the named defendants orally agreed on September 12, 1969, to insure, and did insure, plaintiff's personal property in Oxnard against fire loss in the sum of $50,000; that plaintiff's property in excess of $50,000 was destroyed by fire on September 24, 1969; that proof of loss was furnished but defendants refused to pay plaintiff's claim.

The amended complaint alleged, basically, that C. B. Insurance Agency and Ulrich Insurance Service, Inc., were agents of American Home Assurance Company in making the alleged agreement and in refusing to honor plaintiff's claim; that Anderson and Murison were agents of American Home; that P. E. Brown & Company and its employee Busching were employed after the fire by American Home to investigate the claim; and that all defendants conspired to deny plaintiff any claim whatsoever. He sought punitive and exemplary damages against each defendant.

No order of court was obtained to bring in the additional defendants as necessary or indispensable parties to the action.

[2] In his opposition to these demurrers Moreno admitted that discovery had not yet started. He also referred to a companion case arising from the same fire (Moreno v. American Home, Super. Ct. No. 52514) and alleged that defendants had deposed plaintiff on January 20, 1973, in case No. 52514. Action No. 52514 is not before us, but no showing is made in the present action (Super. Ct. No. 52517) as to what steps Moreno had taken, other than filing the complaint or amended complaint and that service of summons was made upon the vice-president of Anderson and Murison on February 20, 1973. However, return of service thereof was not made until April 23, 1973, after the expiration of the three-year period here in question.

either of these defendants with respect to the extension of the three-year period, and that no appearance was made by either until April 1973 (filing of demurrer), long after the three-year period had expired. Those moving defendants based their motion to dismiss upon the provisions of section 581a, subdivision (a), and upon the construction of that section by the court in *Watson* v. *Superior Court* (1972) 24 Cal.App.3d 53 [100 Cal. Rptr. 684]. *Watson* rejected the contention made therein that the 1970 amendments to this section had changed the decisional law (see *Watson* v. *Superior Court,* 24 Cal.App.3d 53, 59-60 [100 Cal.Rptr. 684]) that a general appearance after the three years had run did not operate to deprive a defendant of his right to a dismissal, and held that an answer which had been filed after the expiration of the statutory period did not constitute a general appearance within the meaning of the statute. Defendants American Home and Anderson and Murison therefore urged that their demurrer, filed after the statutory period had expired did not bar their right to a dismissal of the action as to them. Their motion was granted and the order of dismissal as to them was entered on June 4, 1973.

Thereafter, on August 3, 1973, petitioners herein, defendants Busching and P. E. Brown & Company, filed notice of motion to dismiss pursuant to section 581a. Plaintiff Moreno filed a memorandum in opposition urging that they were *estopped* to complain of the failure to return the summons to court because of a letter written on March 15, 1973, by P. E. Brown & Company. This letter reads as follows:

"March 15, 1973

"This will acknowledge our telephone conversation of 3-14-73, wherein the writer informed you that your process server had left summons and complaint with Miss Ann MacWilliams at the P. E. Brown & Company of Orange County office, 2122 North Broadway, Santa Ana, California.

"We explained that P. E. Brown & Company of Orange County had nothing whatsoever to do with P. E. Brown & Company, the corporation that you had named on your complaint #52514 and #52517, filed in the Superior Court, County of Ventura, California.

"The writer did inform you however, that he was a former Officer of P. E. Brown & Company corporation, which no longer is in business and therefore under these circumstances, it would appear that service has been made on officer of that corporation.

"This will also acknowledge our conversation wherein the writer informed you that we were attempting to get an answer out of American Home

Assurance Company as to whether they would provide a defense for P. E. Brown & Company, and if not, then it would be necessary that we turn this over to Employers Reinsurance who insured P. E. Brown & Company corporation at the time of this loss.

"You agreed to allow an extension of time until 5-15-73 in which to answer or otherwise plead and we are attaching a copy of this letter which we request that you sign and return to our office acknowledging this extension.

"We will be back in touch as soon as we hear from our Principal.

/s/ Lew Ross, Manager."

This letter was not filed until August 15, 1973, when it was filed with Moreno's memorandum in opposition to petitioners' motion to dismiss. This motion to dismiss was denied.

*Questions*: First. *Does this situation fall within any of the express or implied exceptions to the mandatory dismissal provisions of section 581a, subdivision (a), of the Code of Civil Procedure?*

*No.* Dismissal is mandatory under the statute as to all actions commenced before or after the effective date thereof "unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action." Summons was not served and return thereof was not made within three years after the commencement of the action. The service effected on March 14, 1973, was made two days too late. Unless this "service" comes within the exceptions expressly or impliedly stated in this section, dismissal of the action was mandatory, whether upon the motion of these defendants or on the court's own motion. (*Bernstein* v. *Superior Court* (1969) 2 Cal. App.3d 700, 702-703 [82 Cal.Rptr. 775].)

Plaintiff argued in support of his opposition to the motion to dismiss that the letter from P. E. Brown & Company "acknowledged proper service, in writing, and indicated that an appearance would be filed at a later date" and argued that "the party is now estopped to complain of the failure to return the service to court." No points and authorities were filed by plaintiff in that proceeding or in this.

Careful reading of this letter indicates that it merely acknowledged that under the circumstances therein outlined "it would appear that service

has been made" on an officer of the corporation. It does not purport to waive any of the requirements of section 581a as to timely service nor even to have been aware of them. The statement therein that the writer was "attempting to get an answer out of American Home Assurance Company as to whether they would provide a defense" and "if not, then it would be necessary that we turn this over to Employers Reinsurance who insured P. E. Brown & Company corporation at the time of this loss" is merely an indication that the company would get legal representation in this action, not that it would defend on the merits. The acknowledgement that the parties had agreed to an extension of time until May 15 "in which to answer or otherwise plead" cannot be deemed to constitute either a general appearance or an agreement to enter a general appearance.

A party who merely seeks an extension of time to plead cannot reasonably be deemed to make a general appearance. His purpose may be to obtain adequate time to determine whether or not to object to the jurisdiction of the court. (*Davenport* v. *Superior Court* (1920) 183 Cal. 506 [191 P. 911]; *Chilcote* v. *Pacific Air Transport* (1937) 24 Cal.App.2d 32, 35 [74 P.2d 300]; *Brock* v. *Fouchy* (1946) 76 Cal.App.2d 363, 370 [172 P.2d 945].) An extension of time to obtain legal representation, or a statement that one will endeavor to obtain someone else to provide a defense, is of no higher character, and does not indicate an intention to submit to the jurisdiction of the court for a ruling going to the merits. (See, generally, 1 Witkin, Cal. Procedure (2d ed.) Jurisdiction, § 116 et seq.; 4 Witkin, *op. cit.*, Proceedings Without Trial, § 60 et seq.)

Both the execution of this letter by defendant company and the filing of a demurrer by defendant Busching took place after the expiration of the three-year period. The trial court granted the motions of other defendants herein, based upon their argument that the filing of a demurrer after the expiration of the statutory period did not preclude their right to a dismissal within the meaning of section 581a, and upon the authority of *Watson* v. *Superior Court, supra,* 24 Cal.App.3d 53 (answer filed after expiration of the three-year period held not to preclude right to dismissal). Unless the plaintiff sustained his burden of showing excuse for noncompliance with the statute or showing the basis for an estoppel (*Watson* v. *Superior Court, supra,* 24 Cal.App.3d 53, 60; *Hill* v. *Superior Court* (1967) 251 Cal.App.2d 746, 755 [59 Cal.Rptr. 768]), the motion of these defendants should have been granted.

It is important to note that the holding in *Watson* is based upon that court's interpretation of the provisions of section 581a as they read both before and after the 1970 revisions, and that a contrary conclusion was

reached in *Taylor* v. *Hizer* (1973) 30 Cal.App.3d 846 [106 Cal.Rptr. 603]. We turn then to a consideration of these amendments and the legislative intent as therein indicated.

Prior to 1970 section 581a provided that dismissal was mandatory "unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, *if general appearance has been made . . . within said three years in the same manner as if summons had been issued and served . . . .*" (Italics added.)

In 1970 this section was amended and recast into subdivisions. Subdivision (a) provided that dismissal was mandatory "unless the summons . . . is served and return made within three years after the commencement of said action, *except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.*" (Italics added.) The 1971 amendments did not change this language despite the conflicting decisions, *supra.*

In considering these statutory changes in section 581a, the court in *Watson* noted that in numerous cases decided prior to the 1970 amendment it was held that a general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal (*Grant* v. *McArthur* (1902) 137 Cal. 270, 272 [70 P. 88]; *Swortfiguer* v. *White* (1904) 141 Cal. 576, 579 [75 P. 172]; *National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App.2d 326, 329-330 [55 Cal.Rptr. 574]; *Beckwith* v. *County of Los Angeles* (1955) 132 Cal.App.2d 377, 379 [282 P.2d 87]); that it was an accepted canon of statutory interpretation that ". . . it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication" (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526]); and that under the ordinary rules of grammar, which must be applied unless they lead to an absurd result (*People* v. *One 1940 Chrysler Coupe* (1941) 48 Cal.App.2d 546, 549 [120 P.2d 117]), the words "has made a general appearance" would be taken to refer to the last antecedent of the exceptions, "within three years after the commencement of said action" rather than to the prior phrase "shall be dismissed."

In *Taylor* v. *Hizer, supra,* it was held without citation of authority that section 581a had been revised in 1969 (*sic*) to eliminate the require-

ment that defendant's appearance must be filed within three years in order to avoid the operation of the dismissal provision.

We agree with the construction of the 1970 amendments made in *Watson*. We hereby disapprove of the holding in *Taylor* v. *Hizer* insofar as its interpretation of this statute is concerned.

 Second: *Did the trial court abuse its discretion in denying the motion to dismiss?*

*Yes.* In addition to the statutory exceptions stated in section 581a, subdivision (a), and despite the mandatory language thereof, nonstatutory exceptions to its directive have been recognized. (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], holding that noncompliance may be excused where it is established that it was "impracticable, impossible, or futile" to comply; *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211], holding that the defendant may be estopped by his own conduct.) Unless the record affirmatively discloses the existence of a sufficient excuse or the basis for an estoppel, the burden rests upon the plaintiff to prove it. (*McKenzie* v. *City of Thousand Oaks* (1973) 36 Cal.App.3d 426, 430 [111 Cal.Rptr. 584]; *Watson* v. *Superior Court, supra,* 24 Cal.App.3d 53, 58; *Hill* v. *Superior Court, supra,* 251 Cal.App.2d 746, 755.)

 Plaintiff's only claim is that of estoppel. He does not make a showing of any acts or failure to act by these defendants during the statutory period which lulled him into a false sense of security or which caused him to forbear to do something which he would otherwise have done. The statutory time had elapsed before he effected any service upon an officer of defendant company. No showing is made of any prejudice suffered by plaintiff thereafter by reason of the lapse of time from March 15 when defendant company's letter was written, to April 16, when defendant Busching's demurrer was filed, or to August 3, 1973, when the joint motion to dismiss was filed. The matter is presently scheduled for trial setting and settlement conference on August 28, 1974. However, subdivision (e) of section 581a provides that "A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, or stipulation extending time for service of summons and return thereof constitute a general appearance." This was obviously intended to protect a defendant whose motion to dismiss had been denied, during the period in which he was required thereafter to participate in the

court proceedings to protect his own interests while pursuing his right to secure appropriate relief from an appellate court.

Let a peremptory writ of mandate issue directing the superior court to grant the motion of defendants P. E. Brown & Company and Carl H. Busching to dismiss the action and to enter orders of dismissal as to these defendants.

Wright, C. J., Tobriner, J., Burke, J., and Clark, J., concurred.