[Civ. No. 20256. Fourth Dist., Div. Two. May 15, 1979.]

STATE AIR RESOURCES BOARD, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.
AIR QUALITY PRODUCTS, INC., Real Party in Interest.

## COUNSEL

George Deukmejian, Attorney General, R. H. Connett, Assistant Attorney General, and Joel S. Moskowitz, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Fadem, Berger & Norton and Michael M. Berger for Real Party in Interest.

## OPINION

**McDANIEL, J.—**

### PROCEDURAL BACKGROUND

The action in the trial court by real party Air Quality Products, Inc., (Air Quality) sought money damages on an injurious reliance theory, and named as defendants, among others, the State of California and the State Air Resources Board (Board). The literal basis of the complaint in the language of Air Quality's answer to the writ petition here under consideration is as follows:

"In order to satisfy a State-mandated air pollution cleanup, the Board enticed Air Quality into investing more than $2,000,000 in the development and production of an automobile emission control system. Air Quality committed $2,000,000 on the Board's promise that the Board would require that the system Air Quality developed be installed in at least 90,000 used automobiles. *After* Air Quality had committed the $2,000,000, the Board changed course and reneged on its inducements. The Board's about-face drove Air Quality into insolvency and receivership."

Almost *three* years after the complaint was filed, Caleb Swanson, president of Air Quality, telephoned Kingsley Macomber, a member of and general counsel for the Board, and asked Macomber to accept service of summons and complaint on behalf of the Board. At the time of this call, Swanson stated that Air Quality would dismiss the action as soon as the necessary consent to do so could be obtained from a majority

stockholder of Air Quality. Swanson stated that he preferred to be able to dismiss the case voluntarily instead of sustaining a forced dismissal under section 581a, subdivision (a) of the Code of Civil Procedure.[1]

In reliance upon Swanson's representation, Macomber executed an acknowledgement of service provided by counsel for Air Quality. It is contended by the Board that under the law Macomber had no authority to accept service on behalf of the Board. The Board argues that in such cases service must be made on the Attorney General as required by sections 940.6 and 955.4 of the Government Code. In any event, the acceptance of service by Macomber was accomplished before the three-year statute had run as embodied in section 581a, subdivision (a) of the Code of Civil Procedure. At this same time an openended extension of time to plead was requested by Macomber on behalf of the Board and consented to by Air Quality.

Nothing further happened in the case for about 17 months. Counsel for Air Quality then notified the Attorney General that a pleading responsive to the complaint would be required within 30 days. As a result of this request, the Attorney General filed both a general demurrer and a motion to dismiss, the latter pursuant to both sections 581a, subdivision (a) and 583, subdivision (a) of the Code of Civil Procedure. As a consequence of these motions, the court ordered the case dismissed as to the State of California but not as to the Board. In a later ruling, the demurrer of the Board to Air Quality's complaint was sustained, and the judgment of dismissal has been appealed by Air Quality in 4 Civil 20623.[2]

However, going back to the ruling on the motion to dismiss, the Board filed a petition for a writ of mandamus, the objective of which was to obtain an order from us directing the Superior Court of Orange County to dismiss the action. We denied the petition. The Board then petitioned the Supreme Court for a hearing of its petition. The Supreme Court

---

[1]Section 581a of the Code of Civil Procedure in pertinent part reads: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

[2]As of this writing, the record on appeal has been filed, and the appellant's opening brief has been filed.

granted the petition, but it then retransferred the case to this court with directions to issue an alternative writ returnable before us. This was done solely with reference to the section 581a issue, and the matter is now before us again for determination.[3]

## Issues and Discussion

■ We remain persuaded that our initial action in denying the petition was correct, and we hold that the trial court did not abuse its discretion in denying the motion made per section 581a.

In opposing the petition, Air Quality contends that the Board, by reason of its general appearance in the action in the form of a general demurrer, is "estopped" to question the propriety of service and the return of summons. This contention as such cannot be sustained as a legal proposition. ■ The square holding of *Busching* v. *Superior Court*, 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369], is that a general appearance by a defendant made after expiration of the statutory period here applicable does not deprive that defendant of his right to dismissal under the statute.

The commentary on the application of the statute set forth in *Busching* is worth noting.

"Prior to 1970 section 581a provided that dismissal was mandatory 'unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, *if general appearance has been made . . . within said three years in the same manner as if summons had been issued and served . . . .*' (Italics added.)

"In 1970 this section was amended and recast into subdivisions. Subdivision (a) provided that dismissal was mandatory 'unless the summons . . . is served and return made within three years after the commencement of said action, *except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.*' (Italics added.) The 1971 amendments did not change this language despite the conflicting decisions, *supra.*

---

[3]Air Quality moved us to consolidate this proceeding with the appeal or to dismiss this petition as moot. That motion was denied.

"In considering these statutory changes in section 581a, the court in *Watson* noted that in numerous cases decided prior to the 1970 amendment it was held that a general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal [citations]; that it was an accepted canon of statutory interpretation that '. . . it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication' [citation]; and that under the ordinary rules of grammar, which must be applied unless they lead to an absurd result [citation], the words 'has made a general appearance' would be taken to refer to the last antecedent of the exceptions, 'within three years after the commencement of said action' rather than to the prior phrase 'shall be dismissed.' " (*Id.,* at p. 52.)

However, *Busching* goes on to observe that "[i]n addition to the statutory exceptions stated in section 581a, subdivision (a), and despite the mandatory language thereof, nonstatutory exceptions to its directive have been recognized. [Citation.]" (*Busching* v. *Superior Court, supra,* 12 Cal.3d 44, 53.) Particular references are made to *Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211], wherein it was held, as interpreted by *Busching* "that the defendant may be estopped by his own conduct [to rely upon the statute]." (*Busching* v. *Superior Court, supra,* 12 Cal.3d 44, 53.) In other words, while the mere entry of a general appearance does not prevent the defendant from reliance upon the statute, other conduct may.

In the case before us, the trial court, at the time of its ruling on the section 581a motion, made the following observation: "THE COURT: Well, I think what you are going to have to do is let the trier of fact make a decision as to estoppel. I think that it looks like there is estoppel there and sufficient so that I should deny the motion to dismiss under that three-year statute." In our view, the decision here turns initially on the interpretation of that observation.

 Regardless of whether Macomber had the right to accept service, he thought he did, and so there is a possible factual predicate for an estoppel, i.e., this undertaking by Macomber to accept service, relied upon by Air Quality's position, caused the latter to omit to comply with Government Code section 955.4 and not serve the Attorney General, and not file a proof of service on or before November 13, 1976.

The elements of an estoppel are matters of fact, a proposition too well settled to require citation of authority, and those issues of fact were before the trial court when it ruled on the Board's motion to dismiss. The Board argues that the court deferred ruling on the motion; Air Quality counters that the court ruled on the issue.

Turning again to the language of the court, we agree that it is ambiguous. However, there is no way the factual issues could be deferred to a later determination by some other trier of fact, and so the first sentence of that quote must be disregarded and given no significance. What is important is the second sentence where the court went on to say, "I think that it looks like there is estoppel there and sufficient so that I should deny the motion to dismiss under that three-year statute."

Our observation here is borne out by the comments of the Attorney General in his traverse to the return to the alternative writ of mandate wherein he states, "We will not trouble the Court with additional redundant citations for the obvious and uncontested propositions that declarations submitted on a motion to dismiss are to be *not* treated the same as declarations submitted in a Motion for Summary Judgment. In the former case, the trial court *is* the trier of fact, and is required to *resolve* any contested issues of fact raised in declarations submitted on behalf of and in opposition to the motion." Moreover, at the hearing itself the deputy attorney general there representing the Board reacted to the statement of the court here under consideration as though the estoppel issue had been then and there resolved. After the court made this pronouncement, Mr. Moskowitz stated, "Let's proceed on to the two-year statute." There was no remonstrance of any kind indicating that the court should go on to decide the issue; the plain inference to be drawn from the record is that both counsel then present regarded the factual issue on the existence of an estoppel as having been decided.

Because there was substantial evidence to support the trial court's resolution of the issues of fact before it, those determinations are binding upon us. With the estoppel thus established, the decision is controlled by *Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431. *Tresway,* in quoting from *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736 [329 P.2d 489], sets forth, "[w]e are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss

actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be "exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice." (16 Cal.Jur.2d, Dismissal, Discontinuance, and Nonsuit, § 30, p. 179.) Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.' (50 Cal.2d at pp. 740-741.) [Fn. omitted.]" (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431, 437.)

Nevertheless, the Board cites us to *Hampson* v. *Superior Court,* 67 Cal.App.3d 472 [136 Cal.Rptr. 722], for the proposition that no estoppel can be raised against it because Air Quality in law was charged with knowledge of the provisions of section 955.4 of the Government Code requiring service on the Attorney General. More specifically " '[a]ny person dealing with a state agency is chargeable with knowledge of all of the powers possessed or which may be legally exercised by the officers in charge of such agency, and all acts of such officers which go beyond the scope of the power vested in the officer exercising the functions of such agency are void, and knowledge must be presumed to be had, not only of the extent of the power, but also of the mode of its exercise.' [Citations.] Therefore, the first requisite to an estoppel, the element of reliance is not present. [Citation.]" (*Id.,* at p. 483.)

In *Hampson,* the issue we decided was whether the superior court had *jurisdiction* to entertain review of a decision of a regional water quality control board before the parties claiming to have been aggrieved by such decision had appealed to the state board, i.e., before such parties had exhausted their administrative remedies. We held that there had been no exhaustion of administrative remedies as the law requires and that therefore the superior court was without jurisdiction to proceed.

It is true that the language quoted did appear in the decision, but that language was in response to a claim of estoppel raised by real parties. Fairly viewed, it is doubtful if the facts of *Hampson* presented a case involving the kind of injurious reliance now before us. In other words, nowhere in *Hampson* did we see any kind of action taken in reliance on the regional board's decision by real parties except to go to the superior court for relief.

Moreover, the language quoted from *Hampson* continues, "[f]urthermore, the doctrine of estoppel will not be invoked against a governmental

agency where it would operate to defeat the operation of a policy adopted to protect the public interest. [Citation.]" (*Hampson* v. *Superior Court, supra,* 67 Cal.App.3d 472, 483-484.) The clear implication of such proposition is that an estoppel *can* be raised against a government agency where there is no public policy present designed to protect the public interest.

More accurately analyzed, what the Board is contending is that Air Quality is precluded from urging the doctrine of estoppel because one element, namely the injurious reliance, cannot legally be established because of real party's being "chargeable" with knowledge of the requirements of section 955.4 of the Government Code. However, we read such rule to be limited to only those instances where there is actual knowledge of the legal requirements involved. (*La Mancha Dev. Corp.* v. *Sheegog,* 78 Cal.App.3d 9, 16-17 [144 Cal.Rptr. 59].) There the court said, "[g]enerally speaking, the knowledge necessary to constitute an estoppel must be actual knowledge." (*Id.,* at p. 17.) Accordingly, the trial court properly evaluated the situation before it, involving failure to comply with section 955.4 of the Government Code, as a proper case for application of the doctrine of estoppel, and as already noted there is substantial evidence in the record to support the trial court's disposition of the section 581a motion to dismiss.

However, because we are considering this writ upon a retransfer from the Supreme Court, we are disposed to indicate an alternative ground for our current denial of the petition. While the record reflects that both the Board and Air Quality have approached the issue of noncompliance as against mitigation thereof by an estoppel in the context of section 955.4 of the Government Code, we are satisfied that actual service was accomplished here under the terms of section 416.50 of the Code of Civil Procedure.

The section of the Government Code above under discussion applies to tort claims. The underlying action here is not unequivocally a tort action, and so service under the general sections, in our view, was and is possible on the facts of this case. Service was made on Mr. Macomber the general counsel, and although he was not the president or secretary, or clerk of the Board, as general counsel he easily comes within the spirit of the Supreme Court's treatment of such matters as stated in *Pasadena Medi-Center Associates* v. *Superior Court,* 9 Cal.3d 773 [108 Cal.Rptr. 828, 511 P.2d 1180]. There it said, "[t]he specific form assumed by estoppel here is better characterized as an ostensible authority. As *Dickens* v.

*Bunker* (1959) 169 Cal.App.2d 383, 387-388 [337 P.2d 489] states: 'The doctrine of ostensible authority is a specific application of the more general doctrine of estoppel.' [Fn. omitted.] We therefore test plaintiff's contention primarily not by reference to general principles of estoppel, but by the more specialized statutes and decisional authority establishing the doctrine of ostensible authority." (*Id.,* at p. 779.)

The opinion then continues, "[t]he issue of ostensible authority was fully tried before the superior court, albeit under the rubric of estoppel. Although that court did not render a specific finding on ostensible authority, the evidence on that issue was undisputed and, as we shall point out, the reasonable inference that arises from that showing is that [Mr. Macomber] had ostensible authority to receive service of process. [Fn. omitted.]" (*Id.,* at p. 779.)

For the foregoing reasons, we are not prepared to hold that the ruling of the trial court here reviewed was an abuse of discretion. The petition for writ of mandate is denied and the alternative writ of mandate is discharged.

Tamura, Acting P. J., and Kaufman, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 19, 1979.