Daniel W. SMITH and Billie M. Smith, husband and wife, Appellants,

v.

BROKEN ARROW PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT # 3, Appellee.

No. 57683.

Court of Appeals of Oklahoma, Division No. 3.

March 29, 1983.

Rehearing Denied April 26, 1983.

Certiorari Denied May 31, 1983.

Released for Publication by Order of Court of Appeals June 3, 1983.

Approved for Publication by the Supreme Court June 3, 1983.

Gene F. Mowery, Checotah, for appellants.

John R. Woodard, III, Tulsa, for appellee.

WILSON, Presiding Judge:

This appeal turns on the meaning of a specific statutory exemption from the limited liability imposed by the Political Subdivision Tort Claims Act, 51 O.S.1981 § 151 *et seq.* The exemption, found in § 155, provides:

> A political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from: ...
>
> 9. Entry upon any property where that entry is expressly or impliedly authorized by law; ...

The parties argue different meanings of this exemption. The appellee School District contends the words "enter upon" refer to a person who enters upon the property of a political subdivision. Appellants Smith contend the exemption applies to an employee of the political subdivision who enters upon any property under express or implied authority of law.

Citing the Act, Daniel and Billie Smith sued the Broken Arrow Public School District for damages. The Smiths claimed their damages resulted from Billie's fall on an unlighted school walkway as she left an FFA sponsored chili supper in the evening of October 10, 1980. The Smiths alleged Billie fell when she tripped on a metal grate protruding above the normal surface of the walkway approximately $^{13}/_{16}$ of an inch.

The petition averred the School District negligently permitted the grate to exist and to remain in a defective, dangerous and unsafe condition.

The trial court sustained the School District's special demurrer to the Smith's petition on the basis of the "entry upon" exemption. The Smiths elected to stand on their petition and the court dismissed their case. The Smiths then lodged this appeal.

In a written statement explaining his decision, the trial judge stated he thought there was a typographical error or misprint in the wording of exemption 9.

The 1978 Political Subdivision Tort Claims Act was enacted by Senate Bill No. 586. Research material and bill drafting notes on Senate Bill No. 586, preserved by the Oklahoma Archives and Record Commission, show that the original draft of exemption 9 and the enacted text are the same. There appears to be no misprint or typographical error of the words used in exemption 9.

Words used in a statute are to be understood in their ordinary sense. 25 O.S. 1981 § 1. A legislative enactment must be interpreted in accordance with the plain ordinary meaning according to the import of the language used. *In re Certification of Question of State Law,* 560 P.2d 195 (Okl. 1977). A court is not justified in ignoring the plain words of a statute. *Allgood v. Allgood,* 626 P.2d 1323 (Okl.1981). When the language of a statute is plain and unambiguous, no room for construction exists. *Oldham v. Drummond Board of Education of Independent School District # 1,* 542 P.2d 1309 (Okl.1975).

In determining the meaning of an unambiguous statute, the ordinary rules of grammar must be applied unless they lead to an absurd result. *Bushing v. Superior Court of Ventura County,* 12 Cal.3d 44, 115 Cal. Rptr. 241, 524 P.2d 369 (Cal.1974). *See also Shaw v. Grumbine,* 137 Okl. 95, 278 P. 311 (1929).

By applying basic grammar to the words of exemption 9, we arrive at the following grammatical analysis:

(compound subject) (verb)
subdivision or employee shall not be liable
(adjective) (adverb clause)
A political if a loss results from
(adjective phrase) (adverb phrase)
acting within the scope entry upon any property
of his employment

(adverb clause)
where that entry
(verb phrase)
is authorized by law
(adverbs)
expressly or implied

This illustrates that the adverb clause "if a loss results from", as modified by the adverb phrase "entry upon any property", explains where the loss resulted. The modified clause refers back to answer the question of who makes the entry. Thus, "entry upon any property" is an indirect object referring or relating to the compound subject "subdivision or employee". WARRINER'S ENGLISH GRAMMAR AND COMPOSITION, (Franklin Edition, 1982), Chapters 1–4.

■ By this analysis, the exemption does not preclude consideration of claims asserted by a person who lawfully enters the subdivision's property and who then sustains a loss caused by the negligence of the subdivision.

Therefore, the trial court was in error. The order sustaining the defendant School District's special demurrer to Daniel and Billie Smith's petition and dismissing their law suit is REVERSED. This case is REMANDED to the trial court for further proceedings.

HOWARD and HUNTER, JJ., concur.