233 Cal.App.3d 506 (1991)
284 Cal. Rptr. 622
JEFFREY LYNN WEATHERBY, Plaintiff and Appellant,
v.
ANTHONY VAN DIEST, Defendant and Respondent.
Docket No. E006795.
Court of Appeals of California, Fourth District, Division Two.
July 24, 1991.
*507 COUNSEL
Rand & Goodchild and Richard S. Paddor for Plaintiff and Appellant.
Wasserman, Comden & Casselman and Jay Rosenwald for Defendant and Respondent.
OPINION
McDANIEL, J.[*]
Plaintiff has appealed from the order of April 20, 1989, granting defendant Anthony Van Diest's motion to dismiss brought under sections 583.210 and 583.250 of the Code of Civil Procedure. The order of April 20, 1989, is a nonappealable order. The actual judgment of dismissal was ordered May 5, 1989, and so we shall deem the appeal to have been taken from the judgment.
One of the grounds for dismissal in the cited statutes is failure to return the summons within three years and sixty days after commencement of the action. Here, plaintiff failed to comply with the statutory requirement, and so the trial court properly granted defendant's motion to dismiss. Accordingly, we shall affirm the judgment.

*508 SYNOPSIS OF TRIAL COURT PROCEEDINGS
Plaintiff's action for personal injuries was filed December 10, 1984. As originally drawn, the complaint named only Does 1 to 20 as defendants. On September 28, 1987, plaintiff filed an amendment to his complaint, identifying Doe 9 as "Anthony Van Diest Contracting." On October 14, 1987, plaintiff filed another amendment to his complaint, identifying Doe 10 as "Anthony Van Diest, individually, as dba Anthony Van Diest Contracting." Defendant was then served as Doe 10 on October 23, 1987; however, the summons was not returned to the court until more than a year later, i.e., on October 28, 1988. Thus, the return of the summons to the issuing court was accomplished three years and ten months after the summons was issued.
With these the extrinsic, observable facts, defendant moved, under section 583.250 of the Code of Civil Procedure, for an order of dismissal for failure to comply with section 583.210 of the Code of Civil Procedure (hereafter section 583.210), as above noted. In his opposition to the motion, plaintiff argued that he had "substantially complied" with the statute. The motion was granted, and a formal judgment of dismissal was later entered. As earlier observed, although plaintiff has undertaken to appeal from the minute order of April 20, 1989, we shall treat the appeal as having been taken from the judgment of dismissal filed May 5, 1989.

DISCUSSION
(1) In pursuing his appeal, plaintiff makes a novel argument. In assigning the dismissal of his action as error, he argues, because defendant made a general appearance in the action three years and forty-six days after the summons was issued, "the Trial Court erred by failing to consider that the time within which service must be made pursuant to C.C.P., Section 583.210 did not apply if the defendant: [¶] `did an act that constituted a general appearance in the action.' C.C.P., Section 583.220." Accordingly, as further argued by plaintiff, because the court had acquired jurisdiction of defendant before the three years and sixty days prescribed by section 583.210 had elapsed, its provisions were no longer mandatory as to plaintiff.
Plaintiff, however, fails to cite any authority that construes Code of Civil Procedure section 583.220 (hereafter section 583.220) with reference to the subject of in personam jurisdiction. More particularly, plaintiff cites no authority to support his position, which amounts to saying, "Once defendant makes a general appearance, plaintiff is relieved of any necessity to file the summons within 3 years and 60 days of its issuance."
Our reading of the dissent has led to our interpreting it as adopting the rationale just recited. Such position, in our view, begs the question presented by this appeal.
*509 Responding to such argument, reliance upon the subdivision (f) language of Code of Civil Procedure section 583.110 (hereafter section 583.110), purporting to define "service," ignores the effect of the qualifying phrase "as used in this chapter unless the provision in context otherwise requires. ..." (Italics added.)
Section 583.210, subdivision (a) states that the summons and complaint shall be served upon the defendant within three years after the action is commenced. We decline to assume that the Legislature, in the next subdivision, (b), would then intend that it did not really mean what it said in subdivision (a), and to intend instead to mean three years and sixty days. The more appropriate interpretation, and one which harmonizes the legislative intent implicit in section 583.210, recognizes that the summons and complaint shall be served within three years, but, in the event that the defendant is not served until the waning days of the three-year period, that the plaintiff has sixty days to return the proof of the notice of the lawsuit to the court. This interpretation is recognized by the wording in subdivision (b), "return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant." (Italics added.) In our view, it is readily apparent from this language that the Legislature simply provided that the notice of the lawsuit could be filed 60 days after the 3-year period had run within which service must be accomplished.
Section 583.220 recites that the time within which service must be made does not apply if there is a stipulation in writing or if some other act occurs constituting a general appearance in the action. This language of the statute recognizes that a defendant, without service upon him of the complaint and/or summons, may have knowledge of the lawsuit and file an answer or other pleading constituting a general appearance in the action before the three-year period has elapsed. In such case, where a general appearance has been made before the three-year period, service of summons and complaint is not a determinative factor of notice and the defendant's participation in the lawsuit. Section 583.220 is no more than a statutory recognition of that circumstance.
In short, the answer here was not filed until January 15, 1988, and thus it did not qualify under the statutory limitation as a general appearance because it was not filed before the three-year statutory mandate of section 583.210, subdivision (a).
Turning to a further rationalization of our proposed affirmance, section 583.210, subdivision (b) was added by amendment in 1984. The previous statute required both the service of summons and its return within three *510 years. In 1984, the Legislature amended this section and renumbered the statutory scheme.
The new statute, section 583.210, retained the requirement that the summons be served within three years of the filing of the original complaint. The amendment added the provision that the return of the summons must be accomplished within an additional 60 days.
Accordingly, the Legislature gave full force to and restated the three-year period within which to serve the complaint. In other words, it required a plaintiff to serve the complaint up to the final day of three years and provided an additional sixty days to return the summons to the court in order to avoid his adversary's effort to force a dismissal for delay in prosecution.
The court's role is to interpret the statute to achieve the objectives of the Legislature. (Standard Fruit and Steamship Co. v. Metropolitan Stevedore Co. (1975) 52 Cal. App.3d 305, 310 [125 Cal. Rptr. 111].)
Judicial interpretation is to give effect to the legislative acts, rather than to render those acts without effect. (Kaiser Land and Fruit Co. v. Curry (1909) 155 Cal. 638, 647 [103 P. 341].)
Here, the predecessor statute, Code of Civil Procedure section 581a, required both service and return of summons within three years. The 1984 amendment provided an additional 60 days for plaintiffs to return the summons to the court.
To interpret the 60-day extension established by the legislative enactment of section 583.210, subdivision (b) to require anything other than the mandatory return established by the straightforward wording of the statute would render the amendment meaningless.
If the Legislature had intended the outcome plaintiff suggests, it would have removed the requirement for return of the summons altogether.
The Legislature did not do so. The Legislature chose instead to add 60 days. It chose to use the word "shall" when establishing the 60-day extension on the time to return the summons. It knowingly used mandatory language.
There is only one outcome that could logically be interpreted as a legislative intent. That is, that the court must dismiss any action where the *511 summons is not returned within the three-year and sixty-day time period set forth within section 583.210.
Going back to plaintiff's reliance upon section 583.220 that the "time within which service must be made pursuant to this article does not apply if the defendant ... [makes] a general appearance in the action," (italics added) it is suggested that when such provision is read, along with subdivision (f) of section 583.110, which states, "`service' includes return of summons," plaintiff should have prevailed against the dismissal motion because defendant's general appearance was made before "service" was effected. More particularly, this is so, as the suggestion goes, because "service" had been perfected within three years and sixty days. In sum, as the suggestion argues, because defendant made a personal appearance in the litigation within three years and forty-six days of the filing of the complaint, plaintiff was relieved from the need to comply with section 583.210, subdivision (b), i.e., there was no need here to return the summons within three years and sixty days, if at all.
Such suggestion is contravened by Busching v. Superior Court (1974) 12 Cal.3d 44 [115 Cal. Rptr. 241, 524 P.2d 369]. That case dealt with a motion to dismiss brought under former section 581(a) of the Code of Civil Procedure, the predecessor of subdivision (a) of section 583.210 and section 583.220. In this context, Busching announced that, "a general appearance after the three years had run did not operate to deprive a defendant of his right to a dismissal [citations]...." (Id., at p. 52.)
Such holding covers what happened here. Defendant made a general appearance after the three-year period within which service had to be made, and so defendant was not "deprived" of his right to insist on compliance with the return of service requirement.
From one perspective, there is perhaps a contradiction in the statutory scheme represented by the combination of these sections. In our view, it makes no sense, given the language of section 583.210, subdivision (a), requiring service within three years, to then say, by combining the language of section 583.110, subdivision (f) and section 583.210, subdivision (b), that service actually can be accomplished within three years and sixty days, with the result that a general appearance by defendant before the lapse of three years and sixty days lets plaintiff off the hook in terms of complying with the requirement of returning the summons within the period noted.
Accordingly, we shall apply the rule recited in Busching because plaintiff has provided us with no reason, let alone authority, as to why we should not. *512 In sum, as the appealing party, plaintiff has the burden to demonstrate error; he has not done so.
Otherwise, it is of no comfort to plaintiff that defendant was not identified until October 14, 1987. As to him, the doctrine of relation back pegs the beginning date for application of section 583.210 as the date on which the original summons issued, i.e., December 10, 1984. (See Lesko v. Superior Court (1982) 127 Cal. App.3d 476, 481-482 [179 Cal. Rptr. 595].)
In sum, plaintiff has wholly failed to demonstrate any error in the trial court's order of dismissal.

DISPOSITION
The order of dismissal is affirmed.
Dabney, Acting P.J., concurred.
TIMLIN, J.
I respectfully dissent.
I believe that under the clear and unambiguous provisions of the Code of Civil Procedure sections 583.110, subdivision (f), 583.210, subdivision (b), 583.220, and 583.250 subdivision (b),[1] as applied to the chronology of service of the complaint on defendant A. Van Diest, individually and dba Anthony Van Diest Contracting (Van Diest), it was error for the trial court to dismiss the complaint against Van Diest pursuant to section 583.250.
Section 583.110 of article 1 of chapter 1.5, title 8 provides in pertinent part: "As used in this chapter, unless the provision or context otherwise requires: ... (f) `Service' includes return of summons."
Section 583.210, subdivision (b) of article 2, chapter 1.5, title 8, states: "Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant." Subdivision (a) of section 583.210 provides, in pertinent part: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant." Both I and the majority agree that those two sections read in tandem provide that the time within which service of the summons and complaint must be made, including the return of summons, is three years plus sixty days after the complaint is filed.
*513 There also appears to be no dispute that in this case plaintiff had to accomplish service, including return of the summons, on Van Diest no later than February 8, 1988. If such service was not made on or before that date, the action as to him had to be dismissed. (§ 583.250, subd. (a), subpart 2.) As stated in subdivision (b) of section 583.250: "The requirements of this article [article 2, chapter 15, title 8] are mandatory and are not subject to extension, excuse or exception except as expressly provided by statute." (Italics added.)
In my opinion, there is an express statutory exception provided in section 583.220, which provides, in pertinent part, that: "The time within which service must be made pursuant to this article [article 2] does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action. ..." (Italics added.)
My disagreement with the majority appears to involve, in part, the legislative intent behind the use of "service" in section 583.220. Legislative intent is determined, insofar as possible, from the language of the statute read as a whole. If the language is reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. There is no need for construing and interpreting language to determine legislative intent if the words are clear and unambiguous. (Solberg v. Superior Court (1977) 19 Cal.3d 182, 198 [137 Cal. Rptr. 460, 561 P.2d 1148].) In determining such intent, the court turns first to the words themselves, according to the usual, ordinary import of the language employed in framing them. (West Covina Hospital v. Superior Court (1986) 41 Cal.3d 846, 850 [226 Cal. Rptr. 132, 718 P.2d 119, 60 A.L.R.4th 1257].)
In applying those rules of statutory construction, I am convinced that the language in the pertinent sections of articles 1 and 2, and particularly section 583.220, are certain, unambiguous and in no need of interpretation. The majority does not opine to the contrary. I, therefore, will not search for legislative intent other than determining it from the language of the applicable code sections.
Section 583.110 constitutes the definition section for words used in chapter 1.5 and begins with the phrase "As used in this chapter, unless the provision or context otherwise requires: ..." This proviso clause in section 583.110 means that if the definition of "service" in subdivision (f) conflicts with any clear and express legislative declaration elsewhere in the statute requiring a different definition, then the subdivision (f) definition would not apply. (United States v. J. Gerber & Co. (C.C.P.A. 1971) 436 F.2d 1390, 1394.) In my view there is nothing in either article 1 or 2 of chapter 1.5 of title 8 which suggests that construing "service" as used in section 583.220 to *514 have the same meaning as stated in subdivision (f) of section 583.110 would conflict with any clear and express legislative declaration requiring a different construction. The majority has not suggested any such conflict. Absent such, it is my opinion that the word "service" as used in section 583.220 includes return of summons.
In considering the application of the general appearance exception in section 583.220 to the facts in this case, there is no dispute that Van Diest did make a general appearance in this action when he filed his answer to the complaint on January 15, 1988. Filing an answer is a general appearance. (§ 1014.) In my view, at that point in time, the section 583.220 exception to the time requirements of article 2 became effective. Because the filing of the answer occurred 24 days before expiration of the mandatory statutory period for service, which includes return of summons, the section 583.210 time periods were no longer legally viable and the complaint against Van Diest should not have been dismissed.
As mentioned above, the majority recognizes that under section 583.210, subdivision (b), the plaintiff had three years plus sixty days from the date of filing the complaint to return the summons. Pages 510-511, ante, of the majority opinion state: "... the court must dismiss any action where the summons is not returned within the three-year and sixty-day time period set forth within section 583.210."
It then, however, (in my opinion erroneously) attempts to anticipatorily refute this dissent's analysis and conclusion that the 583.220 general appearance exception precludes dismissal by holding that under Busching v. Superior Court (1974) 12 Cal.3d 44, 52-53 [115 Cal. Rptr. 241, 524 P.2d 369] the general appearance exception requires the appearance to have been accomplished within three years of "issuance of the summons." I agree that Busching's general legal principle that a general appearance must be made within the statutory time period provided for service of the complaint and summons is correct and continues to be pertinent under existing statutory law. The holding of Busching is, however, inapposite to this case because it applied section 581a, which did not contain a particular time period for return of summons and did not define "service" to include return of summons. As recognized by the majority, the Legislature, in 1984, repealed section 581a and enacted in lieu thereof sections 583.210 through 583.250.
In conclusion, it is my opinion that Van Diest "triggered" the statutory exception provided in section 583.220 by filing an answer (a general appearance) prior to the expiration of the three-year-and-sixty-day time period, and that, as a result, plaintiff was no longer subject to the mandatory dismissal *515 time requirements. The trial court erred in dismissing the complaint against Van Diest under section 583.250.
I would reverse the judgment.
NOTES
[*] Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.
[1] All further references to statutory subsections are to the Code of Civil Procedure unless otherwise stated.