TIMLIN, J.
I respectfully dissent.
I believe that under the clear and unambiguous provisions of the Code of Civil Procedure sections 583.110, subdivision (f), 583.210, subdivision (b), 583.220, and 583.250 subdivision (b),[1] as applied to the chronology of service of the complaint on defendant A. Van Diest, individually and dba Anthony Van Diest Contracting (Van Diest), it was error for the trial court to dismiss the complaint against Van Diest pursuant to section 583.250.
Section 583.110 of article-,1 of chapter 1.5, title 8 provides in pertinent part: “As used in this chapter, unless the provision or context otherwise requires: . . . (f) ‘Service’ includes return of summons.”
Section 583.210, subdivision (b) of article 2, chapter 1.5, title 8, states: “Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant.” Subdivision (a) of section 583.210 provides, in pertinent part: “The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant.” Both I and the majority agree that those two sections read in tandem provide that the time within which service of the summons and complaint must be made, including the return of summons, is three years plus sixty days after the complaint is filed.
*303 There also appears to be no dispute that in this case plaintiff had to accomplish service, including return of the summons, on Van Diest no later than February 8, 1988. If such service was not made on or before that date, the action as to him had to be dismissed. (§ 583.250, subd. (a), subpart 2.) As stated in subdivision (b) of section 583.250: “The requirements of this article [article 2, chapter 15, title 8] are mandatory and are not subject to extension, excuse or exception except as expressly provided by statute.” (Italics added.)
In my opinion, there is an express statutory exception provided in section 583.220, which provides, in pertinent part, that: “The time within which service must be made pursuant to this article [article 2] does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action. . . .” (Italics added.)
My disagreement with the majority appears to involve, in part, the legislative intent behind the use of “service” in section 583.220. Legislative intent is determined, insofar as possible, from the language of the statute read as a whole. If the language is reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. There is no need for construing and interpreting language to determine legislative intent if the words are clear and unambiguous. (Solberg v. Superior Court (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) In determining such intent, the court turns first to the words themselves, according to the usual, ordinary import of the language employed in framing them. (West Covina Hospital v. Superior Court (1986) 41 Cal.3d 846, 850 [226 Cal.Rptr. 132, 718 P.2d 119, 60 A.L.R.4th 1257].)
In applying those rules of statutory construction, I am convinced that the language in the pertinent sections of articles 1 and 2, and particularly section 583.220, are certain, unambiguous and in no need of interpretation. The majority does not opine to the contrary. I, therefore, will not search for legislative intent other than determining it from the language of the applicable code sections.
Section 583.110 constitutes the definition section for words used in chapter 1.5 and begins with the phrase “As used in this chapter, unless the provision or context otherwise requires: . . .” This proviso clause in section 583.110 means that if the definition of “service” in subdivision (f) conflicts with any clear and express legislative declaration elsewhere in the statute requiring a different definition, then the subdivision (f) definition would not apply. (United States v. J. Gerber & Co. (C.C.P.A. 1971) 436 F.2d 1390, 1394.) In my view there is nothing in either article 1 or 2 of chapter 1.5 of title 8 which suggests that construing “service” as used in section 583.220 to *304 have the same meaning as stated in subdivision (f) of section 583.110 would conflict with any clear and express legislative declaration requiring a different construction. The majority has not suggested any such conflict. Absent such, it is my opinion that the word “service” as used in section 583.220 includes return of summons.
In considering the application of the general appearance exception in section 583.220 to the facts in this case, there is no dispute that Van Diest did make a general appearance in this action when he filed his answer to the complaint on January 15, 1988. Filing an answer is a general appearance. (§ 1014.) In my view, at that point in time, the section 583.220 exception to the time requirements of article 2 became effective. Because the filing of the answer occurred 24 days before expiration of the mandatory statutory period for service, which includes return of summons, the section 583.210 time periods were no longer legally viable and the complaint against Van Diest should not have been dismissed.
As mentioned above, the majority recognizes that under section 583.210, subdivision (b), the plaintiff had three years plus sixty days from the date of filing the complaint to return the summons. Pages 510-511, ante, of the majority opinion state: “. . . the court must dismiss any action where the summons is not returned within the three-year and sixty-day time period set forth within section 583.210.”
It then, however, (in my opinion erroneously) attempts to anticipatorily refute this dissent’s analysis and conclusion that the 583.220 general appearance exception precludes dismissal by holding that under Busching v. Superior Court (1974) 12 Cal.3d 44, 52-53 [115 Cal.Rptr. 241, 524 P.2d 369] the general appearance exception requires the appearance to have been accomplished within three years of “issuance of the summons.” I agree that Busching"s general legal principle that a general appearance must be made within the statutory time period provided for service of the complaint and summons is correct and continues to be pertinent under existing statutory law. The holding of Busching is, however, inapposite to this case because it applied section 581a, which did not contain a particular time period for return of summons and did not define “service” to include return of summons. As recognized by the majority, the Legislature, in 1984, repealed section 581a and enacted in lieu thereof sections 583.210 through 583.250.
In conclusion, it is my opinion that Van Diest “triggered” the statutory exception provided in section 583.220 by filing an answer (a general appearance) prior to the expiration of the three-year-and-sixty-day time period, and that, as a result, plaintiff was no longer subject to the mandatory dismissal *305 time requirements. The trial court erred in dismissing the complaint against Van Diest under section 583.250.
I would reverse the judgment.

All further references to statutory subsections are to the Code of Civil Procedure unless otherwise stated.