[Civ. No. 9398. Third Dist. Aug. 4, 1958.]

ORLIN VAN DYKE, Respondent, v. GORDON MacMILLAN, Appellant.

Guy Richards Crump for Appellant.

Hewitt & McBride for Respondent.

WARNE, J. pro tem.*—Defendant has appealed from an order denying his motion under section 473 of the Code of Civil Procedure to vacate a money judgment entered against him after he failed to appear for trial through the excusable neglect or inadvertence of his attorney.

Plaintiff brought this action to recover a balance of $950 allegedly unpaid for hay sold by plaintiff to defendant.

The answer admits the contract; avers that by it defendant purchased 150 tons of hay baled for shipping at $13 per ton, delivery to be made at plaintiff's ranch where the hay was stacked; and avers that the defendant paid plaintiff $1,000 on account and received delivery of 63.685 net tons.

The answer further avers that defendant was unable to receive delivery of any more of the hay because it was so "loosely, carelessly, negligently and improperly" baled and wired as to be unfit for trucking; that the hay was, as plaintiff knew, required for use on defendant's cattle ranch in Sierra County; that by paying a premium hauling charge defendant was able to obtain trucking for the hay to the extent of 63.685 net tons, but no more.

By way of further answer and counterclaim it is averred that defendant was damaged in the sum of $172.10 by reason of a premium hauling price of $12 per ton which he had to pay by reason of the inadequate and improper baling and wiring of the hay by plaintiff. Further, defendant averred that the hay remaining undelivered on plaintiff's ranch was ruined by rain because of the failure and refusal of plaintiff to protect it.

Plaintiff filed an answer to the counterclaim and the case was set for trial for January 30, 1957, at 10 a.m., and notice of time and place of trial, with affidavit of mailing of said

*Assigned by Chairman of Judicial Council.

notice to defendant's attorney attached thereto, was filed on November 28, 1956.

On January 24, 1957, appellant's attorney sent the following telegram to the judge of the superior court:

"Because of protracted illness and partially tried case Superior Court Los Angeles which will be on trial January thirty and for some time thereafter if my health permits will be unable to try case January thirty Van Dyke v. MacMillan Sutter County number eighty nine eighty five. Copy this telegram to attorneys for plaintiffs. Will forward affidavit for continuance."

On January 28, 1957, appellant's counsel, by certified mail, mailed his affidavit to the judge of the Superior Court of Sutter County in Yuba City in support of an application thereby made for continuance of the trial to some available date after April 15, 1957. This affidavit was not received by the trial judge until 1:30 p.m. on January 30th.

In the meantime the case was called for trial pursuant to notice of trial, the trial judge stating that since the affidavit mentioned in the telegram had not been received they would proceed with the trial. The case was then tried. Judgment was entered for plaintiff for $950 and costs, on February 7, 1957. It appears that defendant's attorney did not learn of the trial having taken place or of the entry of judgment against defendant until about April 1, 1957.

On June 14, 1957, appellant served and filed a notice of motion to set aside the judgment. In support of the motion affidavits of appellant and his attorney were filed. The affidavit of appellant's attorney states, among other things, that on the 30th day of January, 1957, he was actually engaged in the trial of an unfinished case in the Superior Court of Los Angeles County, which case he had anticipated would be finished before January 30th; that on the 24th day of January, 1957, he sent to Honorable Arthur Coats, Judge of the Superior Court of Sutter County, the telegram which we have hereinbefore quoted and at the same time mailed a copy thereof to plaintiff's attorneys, and that on January 28, 1957, he mailed to the trial court an affidavit in support of an application for continuance of trial and at the same time mailed a copy to plaintiff's attorneys; that at the time he did not know that it would take more than one day for mail deposited in the post office at Los Angeles to be delivered to the addressee at Yuba City; that receipts thereof were acknowledged by Judge Coats on January 30, 1957, at 1:30 p.m., and by

one of plaintiff's attorneys on January 31, 1957; that on or about the 23rd day of January, 1957, affiant was for the first time informed by his physician that the condition of affiant's health and the necessity for frequent treatments by said physician for his sickness would "preclude" his absenting himself from the county of Los Angeles and thereupon affiant sent the telegram aforesaid; that affiant advised defendant by long distance telephone from Los Angeles to Sierra County, where defendant resided, that because of his illness and also because, if well enough, he would actually be engaged in trial in Los Angeles County on the 30th day of January, it would be impossible for him to be present at the trial on January 30, 1957; that he would arrange for a continuance; that he was (in said conversation) advised by defendant that it was then or had been recently snowing heavily in Sierra County and by reason thereof he (defendant) was unable to do anything about obtaining other counsel; that he did not know that continuance had not been granted or that judgment had been rendered against defendant until he received a letter from the attorneys for plaintiff on or about the 1st day of April, 1957. Affiant also alleges that defendant had stated the facts in the case to him and that he believes that defendant has a good and meritorious defense to said action as shown by the answer and he so advised defendant.

Defendant in his affidavit alleges that on or about the 23rd day of January, 1957, his attorney telephoned him, advised him of his illness and that he would actually be engaged in the trial of a partially finished case in the Superior Court of the County of Los Angeles on the 30th of January; that it would be impossible for him to be present on January 30th and that he would arrange for a continuance; that affiant heard nothing further with reference to the case until he arrived in Los Angeles from an extended business trip in Texas during the first week of May, 1957, at which time he was advised that no continuance had been granted and that judgment had been entered against him; that prior to the filing of affiant's answer he had fully and fairly informed his attorney of the facts in said case and was advised, and he verily believed, and now believes he has a good and meritorious defense to said action. The plaintiff failed to file an affidavit or other pleading in opposition to the motion, and the statements in the defendant's affidavit and that of his attorney are not denied.

The trial court denied defendant's motion to set aside the judgment and defendant appeals from the order denying it on the ground that the trial court abused its discretion in denying the motion.

The application to set aside the judgment, having been made under the provisions of section 473, Code of Civil Procedure, was largely within the discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion. (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385] ; *De Mello* v. *De Mello,* 124 Cal. App.2d 135, 139 [268 P.2d 26].) However, "It is the policy of the law that every case should be heard on its merits and the discretion of the trial court is to be exercised in conformity with the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*De Mello* v. *De Mello, supra.*) Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits. (*Miller* v. *Republic Grocery, Inc.,* 110 Cal.App.2d 187, 194 [242 P.2d 396].) As stated in *Hambrick* v. *Hambrick,* 77 Cal.App.2d 372, 377 [175 P.2d 269] : "Even in a case where the showing under section 473 is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved in favor of the application (14 Cal.Jur., p. 1076)." We see no reason why the rule should not apply to the facts of the instant case.

Appellant relies on the inability of his attorney to appear on the trial date on two grounds, (1) his attorney's physical condition and illness, which required treatment by a physician and precluded his attorney from absenting himself from Los Angeles County, and (2) the fact that his attorney would be engaged in the further trial of an unfinished case in Los Angeles County, his health permitting, on the date set for the trial in the instant case. The trial court was advised of these conditions on January 24th, and although the affidavit in support of the motion for a continuance was not mailed in time to reach the trial judge on the morning of the trial, it, nevertheless, was received at 1:30 p.m. of the same day. The affidavit in support of the motion for continuance amply supported the motion. The delay was due to appellant's attorney not knowing that mail deposited in the post office in Los Angeles would take more than one day to be delivered to the addressee in Yuba City, California. Assuming that the attorney was negligent in not informing himself of the time

necessary for a letter mailed in Los Angeles to be delivered to an addressee in Yuba City and that appellant is chargeable with the neglect of his attorney, there are exceptions to the rule. Negligence on the part of the attorney will, under some circumstances, justify the trial court in granting relief. In *Stub* v. *Harrison*, 35 Cal.App.2d 685 [96 P.2d 979], a default was set aside by the trial court, and the order affirmed on appeal in a case where an attorney failed to file an answer because he was required to leave his office for a time because of an accident to his son, and, when he returned, forgot the case because of accumulated work. It was held that this was excusable neglect on the part of the attorney and sufficient to justify the trial court in setting aside the default.

Aside from the attorney's negligence the undisputed facts remain that appellant's attorney was engaged in a trial which would not be completed on the date set for the trial of the instant case. That in itself would have precluded his counsel's presence on the trial date. As to counsel's illness, he was not advised by his physician that his condition was such that it would prevent him from leaving Los Angeles County until January 23, 1957 (one week prior to the date of trial), and he on the same day telephoned the appellant by long distance of his illness, and also of his inability to appear for trial on January 30th. Counsel was advised by appellant that ''it was then or had been recently snowing heavily in Sierra County and by reason thereof he [appellant] was unable to do anything about obtaining other counsel.'' The inference was that appellant was snowed in. The illness of a party's counsel, so severe as to prevent him from appearing and trying a case, is good ground for vacating the judgment, provided such party did not know of it in time to retain other counsel or was prevented in some other way from doing so. (49 C.J.S., § 280, p. 510.)

 Under the undisputed facts and circumstances we conclude that the trial court abused its discretion in denying the motion to set aside the judgment.

The order denying appellant's motion to set aside the judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.