[Civ. No. 23684. First Dist., Div. Three. May 22, 1968.]

FRANK D. GRIFFIN et al., Plaintiffs and Appellants, v. FRANK T. BRAY, Defendant and Respondent.

Philip Steiner, Barbieri, Giometti, McCarthy & Steiner and Herbert Allen Bloom for Plaintiffs and Appellants.

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Defendant and Respondent.

BROWN (H. C.), J.—This is an appeal from a purported denial of a motion under section 473 of the Code of Civil Procedure to vacate a judgment of dismissal rendered for failure of plaintiffs' attorney to effect service of summons on defendant within three years (Code Civ. Proc., § 581a). Plaintiffs are the driver and two passengers in an automobile who suffered personal injuries as a result of a multi-car accident occurring on April 9, 1960. Suit was instituted on April 7, 1961. In May 1965, defendant's attorney filed a motion to dismiss for the reason that summons had not been served within the three years prescribed in section 581a of the Code of Civil Procedure. This section provides in part: ". . . and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action, except . . . *no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State,* or while he has secreted himself within the State to prevent the service of summons on him. . . ." (Italics added.) The motion was granted on May 14, 1965. Plaintiffs' counsel did not appear at the hearing, having previously informed the attorneys for the moving party that they had no information as to the whereabouts of defendant Bray and could offer nothing in opposition. The judgment of dismissal followed.

Plaintiffs' counsel, after permitting the motion to dismiss to go unchallenged (but well within the six-month period prescribed in section 473 of the Code of Civil Procedure), learned that Bray had been in the United States Navy and had been outside the jurisdiction of the State of California for a considerable portion, if not all, of the time after the suit was filed. On August 13, 1965, he filed a motion to vacate and set aside the judgment of dismissal under section 473 of the Code of Civil Procedure. The motion, together with an attached declaration in support thereof and a notice of time and place of hearing, was served upon Bray's counsel. The declaration alleged that the case had been originally handled by a former associate of his office who, after severing the association returned over 100 files (including the instant one) to him and that because of this additional work load he did not thoroughly familiarize himself with the case; that after the judgment of dismissal he reviewed the court's files and records in three cases arising out of the same accident; that defendant's counsel had represented Bray in two of the com-

panion cases, i.e., San Francisco Superior Court action No. 50122 entitled "Baeza v. Bray," and San Mateo County Superior Court action No. 89420 entitled "Belasquez v. Zmak, et al."; that in the "Baeza v. Bray" action defendant's counsel included in his pretrial statement* of November 29, 1962, a statement that defendant Bray was in the United States Navy and was stationed at Midway Island as of May 12, 1961; that in "Zmak v. Bray" defendant's counsel filed an affidavit by one Margaret Day* who stated that Bray had been stationed at Midway Island since April 28, 1961; that while he was at Midway she was in constant communication with him and received letters postmarked Midway, and that he would be stationed on Midway for approximately one year and six months; that others were unable to locate Bray during the period of 1961-1964 (companion case Bray v. Zmak, Municipal Court of San Mateo County, action No. 6584) ; and that defendant's counsel in the pretrial proceeding in November 1962 in the two companion cases noticed an intent to use the absence of Bray from the jurisdiction in order to avail themselves of the protection for Bray of the provisions of the Soldiers and Sailors Relief Act.

Bray's counsel was regularly served with the notice of time and place of hearing the motion to vacate the dismissal under section 473 of the Code of Civil Procedure but, due to inadvertence, failed to appear and the motion was granted by default. The order vacating the judgment of dismissal was entered in the records of the clerk of the superior court on August 13, 1965, and a copy of the notice of entry of the order was served on defendant's counsel. Thereafter, at the ex parte request of defendant's counsel, the court restored the matter to the calendar, and a further hearing was set for October 28, 1965. Before October 28 defendant Bray was located and served with process at Pensacola, Florida, in the manner provided by sections 17450, et seq. of the California Vehicle Code (service on a nonresident driver of a motor vehicle in California). Notice of this service was given to defendant's counsel.

At the second hearing the court continued the matter for 30 days in order that additional evidence could be obtained as to the whereabouts of Bray during the years following the filing of the complaint. Interrogatories proposed by plaintiffs'

---

*Copies of defense counsel's pretrial statement and a copy of the Day affidavit appear in the record on appeal in the accompanying motion for an order to produce evidence of Bray's whereabouts.

counsel and designed to elicit the exact whereabouts of Bray during the period in question were served on Bray's counsel, but they obtained an order protecting Bray from answering the interrogatories on the basis that a judgment of dismissal having been entered, Bray was no longer a party to the action. This ruling ignored the fact that the dismissal had been previously vacated.

On December 13, 1965, the court denied the motion to vacate the dismissal. No mention was made of the prior order of the court granting the motion to vacate the dismissal which had been entered as a matter of record on the 30th of August, 1965, but it will be presumed that an order vacating the earlier granting of appellants' motion was made. (See *Phelan* v. *Superior Court,* 35 Cal.2d 363, 375 [217 P.2d 951].) It is unnecessary to consider whether the trial court had jurisdiction to reopen the case after the order setting aside the dismissal, as we have concluded that the trial court should be reversed for other reasons. (See *City of San Diego* v. *Superior Court,* 36 Cal.2d 483, 487 [224 P.2d 685].)

 Appellants contend that in view of the evidence before the court of Bray's absence from the State of California, and the use of that fact by defendant in the companion cases, it was an abuse of discretion to deny the motion to vacate the judgment of dismissal.

Respondent argues in support of the trial court's denial of the motion to vacate that appellants have not established that respondent Bray was absent from the jurisdiction; that all of the facts now discovered by appellants' counsel were matters of record always available, and that appellants' counsel was inexcusably neglectful and not entitled to relief under section 473 of the Code of Civil Procedure.

 It is too well established to require the citation of authorities that diligence must be shown by the moving party in order to obtain relief under section 473 of the Code of Civil Procedure, and that the grant or denial of relief will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. However, it is the policy of the law that every case should be heard on its merits. Even in a case where the showing under section 473 is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved in favor of the application. (See *Van Dyke* v. *MacMillan,* 162 Cal.App.2d 594, 598 [328 P.2d 215]; *Daley* v. *County of Butte,* 227 Cal.App.2d 380 [38 Cal.Rptr. 693].) The court in *Berri* v. *Rogero,* 168 Cal. 736, 740 [145 P. 95],

uses the following language: "The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon the merits, very slight evidence will be required to justify a court in setting aside the default."

The "Declaration" and supporting documents establish the strong inference that Bray was outside the State of California for a considerable period (if not all of the time) after April 1961. While it is recognized that the appellants' declaration contains hearsay, it is felt that the hearsay is negated and its authenticity is established by respondent's use of the same facts which have been made a matter of record in the companion cases. Defense counsel has not contended at any time during the proceedings before the trial court or this court that their client was in the State of California for the prescribed period of time that would entitle them to dismissal under section 581a of the Code of Civil Procedure. Also, there have been no counteraffidavits filed to contradict the allegations and charges in the declaration accompanying the motion to vacate the judgment of dismissal. It is reasonable to believe, therefore, that Bray's tour of duty lasted for at least one year and six months at Midway after April of 1961 or until after November of 1962. Under section 581a of the Code of Civil Procedure respondent would not have been entitled to a dismissal until three years after November 1962. The dismissal was granted in May, 1965.

Following the policy to have every case tried on its merits wherever possible and resolving all doubts in favor of the application for relief (*Van Dyke* v. *MacMillan, supra*; *Robinson* v. *Hiles,* 119 Cal.App.2d 666, 673 [260 P.2d 194]), it is concluded that there is substantial evidence tending to justify appellants' counsel's failure to discover the whereabouts of Bray prior to October of 1965 because Bray was absent from the state, and that respondent was not entitled to a dismissal under the provisions of section 581a of the Code of Civil Procedure.

The records further disclose that depositions and other discovery proceedings have been taken in the companion cases;

362

therefore, the delay in bringing the matter to trial should cause but minimal prejudice to the parties.

The respondent, Bray, having been served pursuant to the provisions of section 17450 of the California Vehicle Code after the judgment of dismissal had been vacated, must now answer the complaint.

The order of the trial court denying appellants' motion under section 473 of the Code of Civil Procedure to vacate the judgment of dismissal is therefore reversed as to respondent Bray.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied June 21, 1968, and respondent's petition for a hearing by the Supreme Court was denied July 17, 1968.

