Filed 9/10/24  Marriage of J.A. and A.L. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

.

| | |
|---|---|
| In re the Marriage of J.A. and A.L. | H051443, H051451<br>(Santa Clara County<br>Super. Ct. No. 23FL000743) |
| J.A.,<br><br>        Respondent,<br><br>        v.<br><br>A.L.,<br><br>        Appellant. | |

Respondent J.A. (wife) and appellant A.L. (husband) were married in April 2017. Wife and husband have a son (child) who, at the time of the events relevant to these appeals, was less than two years of age.  The parties separated on February 22, 2023.[1]  On March 7, wife filed a petition for dissolution of marriage.  On March 8, wife, pursuant to the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.), filed a request for domestic violence restraining order (DVRO Request) against husband.  After a hearing on March 29, attended by wife and her attorney only, the trial court granted the domestic violence restraining order, which was filed on March 30 (the March 30 DVRO).

---

[1] All dates are 2023 unless otherwise specified.

Husband thereafter filed a request for order to set aside the March 30 DVRO (Set-Aside Request), pursuant to Code of Civil Procedure section 473, subdivision (b) (§ 473(b)).[2] His request was opposed by wife. After a hearing on July 11, the court denied husband's Set-Aside Request. A formal order was filed on August 1 (the August 1 order).

Husband has filed two appeals from these proceedings, appeal No. H051443 and appeal No. H051451.[3]

In appeal No. H051443, husband appeals the August 1 order denying his request to set aside the March 30 DVRO. He argues that, due to his hospitalization when the DVRO Request was heard on March 29, he established excusable neglect under section 473(b), and that the court therefore abused its discretion by denying his request to set aside the March 30 DVRO. He contends further that the court abused its discretion by allegedly overruling his objection to wife's late-filed response opposing his Set-Aside Request.

In appeal No. H051451, husband appeals the March 30 DVRO. He contends that the trial court abused its discretion by failing to continue the March 29 hearing on wife's DVRO Request, due to husband's failure to appear at the hearing.

We conclude in appeal No. H051443 that the trial court did not abuse its discretion in denying husband's Set-Aside Request, and that husband has failed to present an adequate appellate record for this court to review any disposition of his objection to wife's response. Accordingly, we will affirm the August 1 order denying the Set-Aside Request.

---

[2] All further unspecified statutory references are to the Code of Civil Procedure.

[3] On its own motion, this court ordered that appeal Nos. H051443 and H051451 be considered together for disposition.

2

Further, we conclude in appeal No. H051451 that the trial court had no duty to continue the March 29 hearing due to husband's unexplained absence at the hearing, and that the court did not commit error. We will affirm the March 30 DVRO.

## I. PROCEDURAL HISTORY

### A. Wife's Request for DVRO (Appeal Nos. H051443, H051451)

Wife filed a petition for dissolution of marriage on March 7, and husband filed his response to that petition on April 6.

After filing the dissolution petition, on March 8, wife filed her DVRO Request, identifying her husband, A.L., as the person from whom she sought protection. On March 8, the court granted her request for a temporary restraining order (TRO) pending a hearing. Her request included a completed Judicial Council form (DV-100), and a lengthy declaration (with exhibits) as an attachment to the form request. The DVRO Request, TRO, and notice of hearing were served upon husband on March 9.

Wife alleged that between February 5 and March 2, husband had been "verbally abusive and controlling," and he had "had [her] under surveillance by using an [Apple] AirTag that he hid in [her] car." Husband later admitted to wife that he had placed the tracking device in her car. Wife alleged that the control that husband exerted over the people with whom she associated was "constant." She described several specific incidents of husband's abusive and controlling behavior.

One incident wife alleged occurred on October 13, 2022. Husband was verbally abusive, yelling at her about his objections to her having an outside job and about her mother. When wife asked husband not to yell because he was scaring their child, husband pulled down a curtain rod and caused holes in a door and a wall. Wife called her mother to transport the child from the home to secure his safety. When her mother arrived and they secured the child in the car, husband began yelling at wife's mother and "forcefully grabbed [the child] out of [wife's] mother's car causing him to [become scared] and cry."

3

Another incident occurred on January 29. The day after wife attended a work event, husband questioned her, and said she was lying about how she got to the event. She told him she had not driven to the event but had carpooled with female coworkers. Husband berated wife, continued to question her, and directed her not to carpool with a certain coworker because "she [was] divorced and [was] a bad influence on [wife]."

On February 5, wife received a notification that "an unknown Airtag was following [her]." The next day, husband yelled at her, and told her that she was selfish in choosing to work rather than take care of their child. Wife attempted to tell husband that her mother could help with childcare, but husband cut her off, saying he did not want her mother in their home. The child became very upset, and wife took him out of the room.

On February 22, husband was again verbally and physically abusive. He again accused wife of lying to him about the January 28 work event, yelled at her, and called her names. Husband pulled forcefully on a blanket wife was holding, causing her to fall. He then placed his arm around her neck, choking her for approximately 10 seconds. Because she was concerned for her child's and her safety, wife called the police, who responded to the incident. Wife left the home that evening with their child to live with wife's mother.

Wife also alleged in her DVRO Request that she was concerned for their child's safety because husband had shown an inability to care for their child. She stated that husband abused marijuana and ignored her complaint about such abuse.

A hearing on wife's DVRO Request took place on March 29. It was attended by wife and her attorney; there was no appearance by husband or an attorney representing him. Wife provided testimony at the hearing. Although the proceedings were unreported, the modified settled statement adopted by the trial court in case No. H051451 recites that wife testified: (1) that everything contained in her declaration filed March 8 was true and correct; (2) to additional information about how she discovered the AirTag in her car and linked it to husband because his phone number was associated with the

4

tracking device; and (3) to additional details about the February 22 incident in which she alleged that husband had verbally and physically assaulted her.[4]  The trial court granted the DVRO.  The formal order was filed and served on March 30, with the restraining order to remain effective through March 29, 2028.  The terms included a no-contact order with respect to wife and the child.  In making the order, the court found that husband had been properly served with the DVRO Request.

##### B.       Husband's Request to Set Aside (Appeal No. H051443)

On May 4, husband, through his attorney, filed a Set-Aside Request under section 473(b).  It was accompanied by husband's declaration and a memorandum of points and authorities (with exhibits).  The basis for husband's request was that he failed to appear for the March 29 hearing on the DVRO Request because he was hospitalized with a serious disease, and that this circumstance constituted excusable neglect.  Husband alleged in his declaration in support of the Set-Aside Request the following:

On January 22, husband was diagnosed with a potentially life-threatening disease.[5] He was hospitalized several times in early 2023 due to this disease:  on January 17; from February 14 to February 18; from February 28 to March 8; from March 21 to April 15; and from April 17 "to present."  Husband signed his declaration on May 3.  Husband

---

[4] Husband asserts on appeal in appeal No. H051451 that "as there is no record, it is unclear whether the court relied upon live testimony or simply the declaration of [wife]."  This statement is incorrect; it ignores the recitations from the settled statement described above.

[5] Husband in his declaration and memorandum of points and authorities in support of his Set-Aside Request provided detailed information concerning this disease.  There was no physician's declaration or letter confirming the diagnosis or treatment of the disease.  It appears that these documents were intended by husband not to be part of the public record below.  However, the documents were not submitted by husband to this court as part of the appellate record in a manner that would preserve their confidentiality. (See Cal. Rules of Court, rule 8.45(d).  All rule references are to the California Rules of Court.)  We will respect husband's apparent intent with respect to the filing of the documents below by providing in this opinion only the most general information concerning his health that is required to address the issues in the appeal.

concluded in his declaration: "I request this Court to set aside the DVRO and judgment against me because I could not participate in the trial due to my hospitalization."

On July 10, wife filed a response to the Set-Aside Request. In summary, she argued the following in opposing the request: "[Husband] was served with the Temporary Restraining Order on March 9, 2023. [Husband] had full knowledge of the hearing on March 29, 2023. On March 21st, [husband] gave his brother power of attorney. On March 25th, [husband's] brother showed up at our home and attempted to prevent me from removing the items listed as part of the temporary restraining orders. . . . Both [husband] and [husband]'s brother were aware of the hearing and did not show up for or have counsel appear for the hearing." Wife also alluded to an e-mail by husband's brother, nonparty A.L. (brother), to the court on March 31 (two days after the DVRO hearing). That e-mail from brother was an exhibit to wife's response. Brother indicated to the court that husband had given him a power of attorney to act on his behalf, and that husband " 'has not been capable of reviewing any notices and still is not capable for [the] foreseeable future.' " Wife also questioned whether husband's health circumstances were as dire as he had portrayed, in light of Instagram posts confirming outings he had attended with friends (on April 30 and May 29).

Husband, also on July 10, filed written objections to wife's response. He asserted that wife's response was filed late under section 1005, requiring that service of a response be filed and served " '*at least 9 court days before the hearing*.' " (Original italics and boldface.) Instead, the response was ultimately filed only one day before the hearing. Husband therefore argued that wife's tardy response and declaration "should be denied" by the court.

The court conducted a hearing on husband's Set-Aside Request on July 11. There was no court reporter for the hearing. After hearing testimony by husband, the court denied the Set-Aside Request, concluding (as reflected in the minute order) that

6

"[husband] ha[d] lied to the Court." A formal order was filed on August 1. The court's statement concerning husband's lack of veracity was repeated in the August 1 order.

## C. Notices of Appeal (Appeal Nos. H051443, H051451)

Husband filed a notice of appeal (appeal No. H051443) in which he challenged the August 1 order denying his request to set aside the March 30 DVRO. (See *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [order granting or denying motion for relief from default judgment under section 473(b) "is a special order after judgment on a statutory motion to set aside the judgment, and as such is appealable"].)

Husband filed a notice of appeal (appeal No. H051451) in which he challenged the March 30 DVRO. (See *Rivera v. Hillard* (2023) 89 Cal.App.5th 964, 974 ["an order granting or denying a request for DVRO" is appealable].)

## II. DISCUSSION

## A. Nonconforming Appellate Briefs (Appeal Nos. H051443, H051451)

The opening briefs submitted by husband in both appeals[6] are not in compliance with the California Rules of Court or with the rules of appellate practice. The brief in appeal No. H051451 contains no citations to the appellate record in support of factual and procedural matters allegedly occurring below. The brief in appeal No. H051443 contains only one citation to the appellate record.[7] Each appellate brief is required to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to

---

[6] Husband did not file a reply brief in either appeal.

[7] The one reference to the record in the brief in appeal No. H051443 is an improper block citation to 36 pages of the appellant's appendix. (See *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1 [criticizing "block page references" to reporter's transcript].)

7

be forfeited. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407; see also *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 451 (*Yeboah*) [factual statements in briefs "not supported by references to the record may be disregarded" by the reviewing court].)

A further, related, difficulty is presented by husband's failure to include citations to the record in his appellate briefs. His brief in appeal No. H051443 contains unsupported references to a number of matters that are not borne out by the record before us, including, most significantly, purported arguments, statements by the court, and rulings from the unreported July 11 hearing on husband's Set-Aside Request. Husband's brief in appeal No. H041451 similarly contains matters that cannot be found in the record. As appellant, husband is required to "[p]rovide a summary of the significant facts *limited to matters in the record.*" (Rule 8.204(a)(2)(C), italics added.) "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 (*Lona*).) We will therefore disregard extraneous matters outside the record that are referenced in husband's brief. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 453, fn. 6.)

**B.     Order Denying Relief Under Section 473(b) (Appeal No. H051443)**

**1.     *Motions for Relief Under Section 473(b)***

A motion for relief from default under section 473(b) may be brought under either the mandatory attorney fault provision or the permissive provision of the statute based upon "mistake, inadvertence, surprise, or excusable neglect." (*Ibid*.; see *Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 25.) We are concerned here (in appeal No. H051443) with the permissive provision of the statute, which reads, in pertinent part: "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief *shall*

*be accompanied* by a copy of the answer or other pleading proposed to be filed therein, *otherwise the application shall not be granted,* and shall after be made within a reasonable time, in no case exceeding six months, the judgment, dismissal, order, or proceeding was taken. . . .  No affidavit or declaration of merits shall be required of the moving party. . . ."  (§ 473(b), italics added.)

Under the above-quoted provision of section 473(b), the trial court may exercise its discretion to grant the motion, but "only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits.  [Citation.]"  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).)  One of the procedural requirements, as italicized in the prior paragraph, is that the moving party submit a proposed pleading with the motion for relief.  (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103 (*Mancini*).)  The inclusion of a proposed pleading with a section 473(b) application "is *mandatory*."  (*Mancini*, *supra*, at p. 1103, italics added; see also *Puryear v. Stanley* (1985) 172 Cal.App.3d 291, 294 (*Puryear*) [movant's failure to submit proposed pleading with motion under § 473(b) " 'necessarily results in denial of relief' "].)

"[T]he term 'proceeding' in section 473 [has been construed] broadly" in a number of reported decisions.  (*Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1105, fn. omitted [relief from default under § 473(b) permitted for proceeding involving discovery demand for exchange of expert lists]; see also *In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070 [motion for relief from default under § 473(b) brought in connection with sanctions order].)  The parties here do not dispute that the DVRO request and hearing thereon constituted a "proceeding" from which relief from default under section 473(b) could be sought by husband.

The party seeking relief from default under section 473(b) bears the burden of showing entitlement to such relief.  (See *Hopkins & Carley v. Gens* (2011) 200

9

Cal.App.4th 1401, 1410.)  The moving party also bears the burden of establishing that he or she was diligent in bringing the motion for relief.  (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 (*Zamora*).)

### 2.  *Standard of Review*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).)  " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Any ambiguities in the record are resolved in favor of affirmance of the judgment or order.  (See *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.)  It is the appellant's burden to overcome the presumption of correctness by demonstrating, through an adequate record, error requiring reversal.  (*Jameson*, *supra*, at p. 609.)

A motion for relief from default under section 473(b) is reviewed for abuse of discretion.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 978, 980 (*Rappleyea*).)  " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent *a clear showing of abuse*.' [Citation.]" (*Zamora*, *supra*, 28 Cal.4th at p. 257, italics added.)  But "[b]ecause the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].  Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citations.]" (*Rappleyea*, *supra*, at p. 980; see also *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 134-135.)

### 3.  *No Error in Denial of Relief Under Section 473(b)*

We note at the outset that we review the decision of the trial court in appeal No. H051443 for its correctness, not for the court's rationale expressed in its decision.

(See, e.g., *Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 201 (*Maleti*) [special motion to strike under § 425.16]; *Tukes v. Richard* (2022) 81 Cal.App.5th 1, 19 [motion for judgment on the pleadings]; *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1132 [motion in limine]; *Young v. Horizon West, Inc.* (2013) 220 Cal.App.4th 1122, 1127 [motion to compel arbitration]; *Dammann v. Golden Gate Bridge, Highway & Transportation Dist.* (2012) 212 Cal.App.4th 335, 340 [motion for summary judgment]; *Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 259 [demurrer].) And we reiterate that "a fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) These principles, applied to the record before us, compel a finding that husband's contentions in appeal No. H051443 lack merit.

Husband asserts that the trial court abused its discretion by denying his Set-Aside Request in which he asked the court to vacate the March 30 DVRO to permit him to oppose the DVRO Request. Husband argues several points, namely, that: (1) case law demonstrates that severe illness, often involving counsel, is good cause for the granting of relief from default; (2) husband, through a showing of being diagnosed with a potentially life-threatening disease which resulted in his hospitalization at the time of the March 29 hearing on the DVRO Request, showed good cause for setting aside the March 30 DVRO; (3) because the law favors disposing of cases on the merits, any doubts concerning a request for relief under section 473(b) should be resolved in favor of granting relief from default; and (4) the court further abused its discretion by purportedly overruling his objection to wife's late-filed response to the Set-Aside Request.

We address these four contentions below. But before doing so, we will discuss a procedural defect that precluded the granting of husband's Set-Aside Request, thus compelling our conclusion that the trial court did not err.

11

### a. No Proposed Pleading Accompanying Set-Aside Request

Most significantly, husband's Set-Aside Request was defective and failed as a matter of law. The record before us discloses that husband did not file a proposed pleading—i.e., his proposed response to wife's DVRO Request—with his Set-Aside Request filed on May 4. The statute *requires* that such a proposed response accompany the request for relief: "Application for this relief *shall be accompanied* by a copy of the answer or other pleading proposed to be filed therein, *otherwise the application shall not be granted, . . . .*" (§ 473(b), italics added.) There are twin rationale for section 473(b)'s proposed pleading requirement: (1) "to screen out those applications for relief that do not assert a potentially meritorious defense" (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 837 (*Johnson*)); and (2) "to avoid further delays by compelling the delinquent party to demonstrate a readiness to proceed on the merits" (*Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 729).

The inclusion of a proposed pleading with a motion for relief under section 473(b) "is mandatory" (*Mancini, supra*, 83 Cal.App.5th at p. 1103), and its omission " 'necessarily results in denial of relief' " (*Puryear, supra*, 172 Cal.App.3d at p. 294). Therefore, regardless of whether the trial court expressly stated husband's omission of a proposed response as a ground for its decision, in appeal No. H051443, we affirm the court's denial of the Set-Aside Request because it was correct on this basis. (See *Maleti, supra*, 82 Cal.App.5th at p. 201.)[8]

---

[8] We are of course aware that there is authority for the proposition that the proposed "answer or other pleading" requirement of section 473(b) may be satisfied by a party's substantial compliance. (See, e.g., *Johnson, supra*, 43 Cal.App.4th at pp. 837-838 [failure to file proposed pleading with motion for relief excused where moving party substantially complied with statute by his later filing of proposed pleading].) Here, the record before us discloses *no compliance*, let alone substantial compliance, with this requirement of section 473(b).

### b.    Authorities Cited by Appellant

In support of his position that the trial court abused its discretion by denying his Set-Aside Request, husband cites six cases involving requests for relief from default under section 473(b); five of the cases were based upon illness of counsel, and the sixth case was based on the lack of emotional health of a spouse in a dissolution proceeding. Each of the six cases is inapposite due to a key procedural distinction. In each of those cases, the appeal involved a challenge by the opponent to the *granting* of relief due to illness, not, as here, an appeal by the moving party from the *denial* of relief based upon such circumstances.[9] The focus of the appellate courts in the cases relied on here by husband was therefore very different, in that, in affirming the trial court's order granting relief, they were adhering to " 'the well-established policy of the law to have legal controversies tried upon their merits, . . . [with the appellate court affirming the order] unless it . . . determined as matter of law that [the] trial court . . . abused its discretion in setting aside a default of a party and permitting an answer to be filed. . . .' [Citations.]" (*Hambrick*, *supra*, 77 Cal.App.2d at p. 375, quoting *Kalson v. Percival* (1933) 217 Cal. 568, 569.)

The case authority upon which husband relies offer no support to his position in appeal No. H051443 that the trial court abused its discretion by denying the Set-Aside Request.

---

[9] The inapposite cases relied on by husband are: (1) *Minick v. City of Petaluma* (2016) 3 Cal. App.5th 15; (2) *Contreras v. Blue Cross of California* (1988) 199 Cal.App.3d 945; (3) *Robinson v. Varela* (1977) 67 Cal.App.3d 611; (4) *Arnke v. Lazzari Fuel Co.* (1962) 202 Cal.App.2d 278; (5) *Van Dyke v. MacMillan* (1958) 162 Cal.App.2d 594; and (6) *Hambrick v. Hambrick* (1946) 77 Cal.App.2d 372 (*Hambrick*).) *Hambrick* involved a self-represented spouse who allowed a default to be taken against him, through mistake and because (the appellate court concluded) he was unable to sleep and was "somewhat distraught and nervous." (*Hambrick*, *supra*, at p. 376.)

### c.       Circumstances Presented for Relief from Default

It is not disputed that husband presented evidence of having been diagnosed with a potentially life-threatening disease and resulting hospitalization that explained his inability to attend the March 29 hearing on wife's DVRO Request.[10]  But it was also undisputed that husband was personally served with the DVRO Request and the notice of hearing on March 9.  There is no record of husband's explanation (beyond his serious health issues) for taking no action to respond to the DVRO Request, or for not seeking a continuance, for three weeks (from March 9 to March 29).  Although he submitted evidence that he entered the hospital on March 21 and was discharged on April 15, he did not explain why he took no action during the 12 days between service of the DVRO Request and that hospitalization.  The omission of these explanations presented a valid reason for the trial court to have exercised its discretion to deny the Set-Aside Request.

Further, there was evidence that husband's brother was also aware of the DVRO Request and the March 29 hearing.  On March 31—two days after the hearing and one day after the filing and service of the DVRO—brother sent an e-mail to the court in which he indicated that husband had given brother a power of attorney on March 21 (attached to the e-mail) which "authorized [brother] to handle this matter [the DVRO Request] on behalf of [husband]."  Brother advised the court on March 31 that the March 29 "hearing happened without [husband's] knowledge, while [he] was incapable in the hospital," and brother (on behalf of husband) requested that "the restraining order . . . be reversed," and that a new hearing be scheduled at a later unspecified time when husband could attend.  Husband's failure to disclose in his Set-Aside Request the involvement of his brother in this matter, coupled with the failure to explain why brother

---

[10] Wife, in her declaration opposing the Set-Aside Request, asserted that "[husband] is . . . not in as dire of a health situation as he portrays as he has been able to go on outings with friends."  She, however, did not dispute that husband had been diagnosed with a potentially life-threatening disease.

did not attempt to contact the court on or before March 29 to advise of husband's hospitalization and to request a continuance of the hearing on his behalf, also presented valid reasons for the trial court's discretionary denial of husband's Set-Aside Request.

Moreover, we observe that the record before us is incomplete. There is no reporter's transcript from the July 11 hearing. We therefore—save the limited information concerning husband's testimony identified in the settled statement described below—have no information as to the testimony given by husband, any comments made by the court, or the arguments presented by counsel at the hearing. A party challenging a ruling by the trial court has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) An appellant's failure to present an adequate record will result in the issue being resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; see also *Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 633, fn. 12 ["[w]hen there is no reporter's transcript and no error is evident from the face of the appellate record, we presume that the unreported trial testimony would demonstrate absence of error"]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 [appellate courts have frequently declined to address the merits of an appeal due to the absence of a court reporter's transcript].) Accordingly, husband has failed to meet his burden of showing by an adequate record that the trial court committed reversible error. (See *Ballard*, *supra*, at p. 574.)

Husband attempts to evade this flaw (i.e., inadequate appellate record) by reciting *his unsupported version* of what occurred at the July 11 hearing on the Set-Aside Request. His recitation includes—surprisingly, since there was no court reporter and thus no transcript—purported verbatim statements allegedly made at the hearing.[11] In any

---

[11] Rule 1.150 generally bars recording of court proceedings. Rule 1.150(c) provides: "Except as provided in this rule, court proceedings may not be photographed, recorded, or broadcast." Further, rule 1.150(d) states: "A person proposing to use a recording device must obtain advance permission from the judge. The recordings must not be used for any purpose other than as personal notes."

event, husband's version of what transpired at the July 11 hearing is almost entirely devoid of support from the record before us. That record consists of portions of appellant's appendix (the minute order and the formal order of August 1), and the November 9 settled statement, adopted as modified by the trial court. That record does not demonstrate that the trial court erred. The minute order and formal order show that: (1) a hearing on husband's Set-Aside Request occurred on July 11; (2) all parties and counsel appeared remotely, and the court heard testimony from husband; (3) "[t]he Court conclude[d] that [husband] ha[d] lied to the Court"; and (4) the court denied the Set-Aside Request. The additional matters noted in the settled statement included that: (5) husband testified that the matters stated in his declaration were true; (6) the photographic exhibits to husband's response depicted him "hanging out with friends, having traveled to the location by motorcycle, at the end of April 2023"; (7) husband's testimony was received without objection; and (8) the court did not disallow any exhibits. Husband's attempts here to interject matters purportedly relating to the July 11 hearing that are not part of the record—including matters contained in his proposed settled statement that was not adopted and was superseded by the court's order—will not be considered by this court. (See rule 8.204(a)(2)(C) [facts in appellate briefs must be "limited to matters in the record"]; *Lona, supra*, 202 Cal.App.4th at p. 102 [reference to facts outside appellate record improper, and those facts will not be considered]; see also *Leber v. DKD of Davis, Inc.* (2015) 237 Cal.App.4th 402, 405, fn. 3 [appellate court "not[ing] with disapproval that [appellants] cite[d] facts from *nonadopted* parts of the[ir] proposed settled statement"].)

Lastly, we note that the trial court specifically found that husband had lied during his testimony at the July 11 hearing.[12] It is a fundamental tenet of appellate review that

---

[12] Husband presents various supposed facts, including alleged comments by the
(continued)

16

"trial courts are genuinely in the best position 'to assess witness credibility.' "
(*Hollywood v. Superior Court* (2008) 43 Cal.4th 721, 729.)  Thus, " ' "it is the exclusive
province of the [trier of fact] to determine the credibility of a witness and the truth or
falsity of the facts upon which a determination depends." ' [Citations.]" (*Oldham v.
Kizer* (1991) 235 Cal.App.3d 1046, 1065.)  We must defer therefore to the trial court's
assessment of the credibility of the witnesses.  (See *Ashby v. Ashby* (2021) 68
Cal.App.5th 491, 518.)

Husband has not demonstrated from the appellate record circumstances that
*compelled* the trial court to grant relief under section 473(b).  Stated otherwise, the record
does not show that the court abused its discretion by denying the Set-Aside Request.

### d.    Standard of Review

Husband argues that the standard of review that applies to orders granting or
denying relief from default supports his claim of error here (appeal No. H051443).  He
asserts that because the law favors disposing of cases on the merits, any doubts
concerning a request for relief under section 473(b) should be resolved in favor of
granting relief from default.  (See *Rappleyea*, *supra*, 8 Cal.4th at p. 980.)  While it is true
that " 'a trial court order denying relief is scrutinized more carefully than an order
permitting trial on the merits' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419-1420
(*Huh*)), this principle does not eliminate the requirement that the moving party under
section 473(b) bears the burden of proving entitlement to relief from default (*Hearn v.
Howard* (2009) 177 Cal.App.4th 1193, 1205 (*Hearn*)).

Here, as discussed above, the trial court was justified in impliedly concluding that
husband had not met this burden.  First, by failing to include the "mandatory" proposed
pleading with his Set-Aside Request (*Mancini*, *supra*, 83 Cal.App.5th at p. 1103),

court at the hearing—all of which being outside the record before us—to purportedly
explain why the court erred in finding his testimony not credible.  We will not consider
these matters outside the appellate record.  (See *Lona*, *supra*, 202 Cal.App.4th at p. 102.)

husband, as "the party seeking relief[, did not] show[] that . . . [he] . . . raised [a proper] ground in a procedurally proper manner . . . ." (*Cruz*, *supra*, 146 Cal.App.4th at p. 495.)

Second, in asserting that he was entitled to relief from default under section 473(b) based upon excusable neglect,[13] husband was required to demonstrate that his actions (or omissions) were such that "a reasonably prudent person in similar circumstances might have made the same error." (*Huh*, *supra*, 158 Cal.App.4th at p. 1423.) As noted above, the trial court could have reasonably concluded that husband did not meet his burden of proving excusable neglect, insofar as he took no action—either personally or through his brother to whom he had granted on March 21 a power of attorney—to protect his interests on or before March 29 when the court heard wife's DVRO Request. "[A]s for inadvertence or neglect, ' . . . [t]he inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief. [Citations.] It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his [or her] own person to avoid an undesirable judgment.' " (*Hearn*, *supra*, 177 Cal.App.4th at p. 1206.) The trial court could have reasonably concluded that husband failed to "show[] . . . a proper ground for relief" under section 473(b) that would permit it to exercise its discretion to grant relief from default. (*Cruz*, *supra*, 146 Cal.App.4th at p. 495.)

---

[13] Husband in his appellate brief makes the cursory argument that: "[Section] 473(d) provides further grounds to set aside void orders, which include orders made without notice and an opportunity to be heard or that otherwise violate due process of law." He makes a similar conclusory argument later in his brief. We will not consider this argument which is unsupported by legal authority or analysis. (See *People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8 [appellate courts will not consider perfunctory contentions "unaccompanied by supporting argument"]; see also *People v. Mayfield* (1993) 5 Cal.4th 142, 196 [appellate court will not consider "constitutional claims . . . asserted perfunctorily and without argument"].)

18

Application here of the standard of review for disposition of section 473 applications does not assist husband in establishing a claim of error.

### e. Objection to Response to Set-Aside Request

Husband argues at length in appeal No. H051443 that the trial court abused its discretion by purportedly overruling his objection to the late-filed response of wife to the Set-Aside Request. The argument has no merit.

The record shows that wife filed a response on July 10, and that husband the same day filed an objection, asserting that wife's response was untimely. The appellate record does not establish whether the trial court, at the hearing on July 11, ruled on husband's objection. Nor does the record indicate that he renewed his objection at the hearing. Rather, the record before us—the modified settled statement adopted by the court— discloses the following recital as to what transpired at the July 11 hearing: "ln addition to Appellant's May 4, 2023 filing, the Court also considered Respondent's Response filed July 10, 2023. [Fn. omitted.] The court's notes do not indicate any objection to the response being considered."

Husband attempts to circumvent this problem by again presenting *his unsupported version* of what occurred at the July 11 hearing concerning his objection to wife's response. In general, husband asserts in his appellate brief that the court permitted the response over his objection, and that this ruling was prejudicial to his being successful with the Set-Aside Request. We will not consider husband's account of what allegedly transpired at the July 11 hearing concerning any objection to wife's response, because that account is not consistent with the record before us. (See rule 8.204(a)(2)(C) [facts in appellate briefs must be "limited to matters in the record"]; *Lona*, *supra*, 202 Cal.App.4th at p. 102 [reference to facts outside appellate record improper, and those facts will not be considered].)

Since husband, as appellant, has the burden of establishing error with an adequate record (*Ballard*, *supra*, 41 Cal.3d at p. 574), and the record before us contains no

information concerning any disposition of his July 10 written objection to wife's response, we cannot consider this appellate claim.[14]

### f. Conclusion

" 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent *a clear showing of abuse*.' [Citation.]" (*Zamora*, *supra*, 28 Cal.4th at p. 257, italics added.) Husband failed to make that showing, and we therefore affirm in appeal No. H051443 the August 1 order denying his Set-Aside Request.

### C. Alleged Denial of Continuance (Appeal No. H051451)

#### 1. Continuances Generally

The court may grant a continuance "only on an affirmative showing of good cause requiring the continuance." (Rule 3.1332(c); see also *Pham v. Nguyen* (1997) 54 Cal.App.4th 11, 17 ["continuances should not be used as a dilatory tactic," and must be supported by good cause].)

The decision to grant or deny a motion to continue is vested in "the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.]" (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984 (*Forthmann*); see also *Lazarus v. Titmus* (1998) 64 Cal.App.4th 1242, 1249 [order granting or denying a continuance will not be reversed

---

[14] Because the record does not show there was a ruling by the court on objections to wife's response on the basis that it was untimely, we do not address the merits of husband's claim. Assuming, arguendo, the trial court in fact overruled husband's objection, we observe that in considering whether to reject a late-filed document under rule 3.1300(d), the trial court is "vested with discretion to overlook the defect. [Citations.]" (*Gonzalez v. Santa Clara County Dept. of Social Services* (2017) 9 Cal.App.5th 162, 168.)

except upon a clear showing of an abuse of discretion].)[15] The party challenging the court's order on the motion to continue bears the burden of showing from the record that such abuse of discretion occurred. (*Forthmann*, *supra*, at p. 985.) Further, "an order denying a continuance is seldom successfully attacked. [Citation.]" (*People v. Beames* (2007) 40 Cal.4th 907, 920.)

### 2. *There Was No Error*

Husband asserts in this appeal No. H051451 that "the trial court made prejudicial errors in failing to continue the March 29, 2023 [hearing on the DVRO Request], particularly when he was entitled to a continuance as a matter of right under Cal. Fam. Code § 245 due to Appellant's hospitalization for a then-terminal illness that prevented his appearance." Although acknowledging that he was personally served with the notice of hearing—such service occurring on March 9— husband states that "[he] was not able to attend the hearing, nor did he have the opportunity to review the documents and timely file a request for a continuance." This statement is unsupported by any citation to the appellate record, and we will therefore disregard it. (See *Yeboah*, *supra*, 128 Cal.App.4th at p. 451.)[16] Husband contends that the trial court's failure to continue the March 29 hearing on wife's DVRO Request to permit husband's later appearance was an abuse of discretion.

---

[15] Husband argues—incorrectly and without citation to any authority (see *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [appellate courts "need not consider an argument for which no authority is furnished"])—that "[t]he standard of review in this case [appeal No. H051451] is *de novo* as to the denial of a continuance under Cal. Fam. Code § 245, with evidentiary findings subject to the abuse of discretion standard." We reject this unsupported legal contention.

[16] Further, based upon our review of the appellate record in both appeals, we conclude that the latter part of husband's statement ("nor did he have the opportunity to review the documents and timely file a request for a continuance") finds no support in the record and is thus improper. (*Lona*, *supra*, 202 Cal.App.4th at p. 102 ["[f]actual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs"].)

Husband relies on section 245 of the Family Code in support of his position. That statute, which applies, inter alia, to temporary restraining orders issued under the DVPA (see *id.,* § 240, subd. (c)), provides in relevant part: "(a) The respondent shall be entitled, as a matter of course, to one continuance for a reasonable period, to respond to the petition. [¶] (b) Either party may request a continuance of the hearing, which the court shall grant on a showing of good cause. The request may be made in writing before or at the hearing or orally at the hearing. The court may also grant a continuance on its own motion." (*Id.*, § 245.)

Despite language in his brief suggesting otherwise,[17] husband does *not* contend that he (or someone on his behalf) *affirmatively made* a request to continue the hearing. Instead, he states (without support from the record) that he did not "have the opportunity to . . . timely file a request for a continuance. " His position is that the trial court abused its discretion because it had a *duty* to continue the March 29 hearing on wife's DVRO Request because: (1) husband was entitled to one continuance under Family Code section 245, subdivision (a); and (2) the court had the power, and in this case the duty, to "grant a continuance on its own motion" under Family Code section 245, subdivision (b).

Implied in his twin arguments that the court had a duty to continue the hearing is that the court, as of March 29, *was, in fact, aware* of husband's medical condition and hospitalization. There is no evidence whatsoever—and husband cites none—that the court knew of *any* circumstances that might have prevented husband from appearing at the March 29 hearing. Nor is there any evidence that the court, as of March 29, had any

---

[17] Husband, for example, in his appellate brief, suggests that there *was a continuance request* that the court denied by using such phrases as "the trial court's denial of a continuance . . . as a matter of right"; "the trial court erring in denying Appellant a continuance, as a matter of right"; and "Appellant was denied a continuance."

information that husband intended to oppose wife's DVRO Request.[18]  Thus, based upon the record, it was proper for the court to have concluded that husband simply chose not to appear or oppose wife's DVRO Request.

Addressing husband's first argument, he offers no authority for this novel proposition:  that simply because a properly-served respondent to a DVRO request fails to appear, file responsive papers, or to request a continuance, a trial court is *required to* continue the hearing under Family Code section 245, subdivision (a).  While the statute entitles the respondent to one continuance "as a matter of course" (*ibid.*), it cannot be reasonably construed as compelling the court, in the event of an unexplained no-show from respondent, to effectively request a continuance on the respondent's behalf and then grant that request.  Husband's claim that the court was required to grant, absent a request, a continuance of the hearing under subdivision (a) of Family Code 245 is without merit.

Second, husband offers no authority for this equally novel proposition:  that because Family Code section 245, subdivision (b) gives the court *discretion* to "grant a continuance on its own motion," the court is *compelled* to do so if a properly-served respondent fails to file a response or continuance request and fails (without explanation) to appear at the hearing.  Since the language of subdivision (b) is clear that the court "may" continue a hearing on its own motion, the statute cannot be reasonably construed as requiring it to do so.  Moreover, if the proposition husband advances were true, any potentially restrained party with no valid defense to the factual claims alleged in a DVRO request—by simply failing to appear or file papers—could delay the issuance of a DVRO and, as byproducts, needlessly increase the petitioner's litigation cost and the court's administrative duties.  We reject this meritless argument as well.

---

[18] In this regard, we observe that the record in appeal No. H051443 indicates that husband gave his brother a power of attorney on March 21 to address the DVRO Request, but brother neither contacted the court prior to the hearing nor appeared at the March 29 hearing to seek a continuance on husband's behalf.  (See pt. II.B.3.c., *ante.*)

In support of his claim of error, husband cites *In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926 (*D.S. & A.S.*). In that case, the petitioner (Wife) filed a request for a DVRO and obtained a restraining order pending a hearing. (*Id.* at pp. 930-931.) The respondent (Husband) filed a response, and after a hearing, the court granted Wife's request after confirming that the statements in Wife's declaration were true and correct but otherwise receiving no testimony. (*Id.* at pp. 931-932.) Husband challenged the order, inter alia, on the ground that the trial court deprived him of due process by granting Wife's request without receiving live testimony or evidence. (*Id.* at p. 933.) A panel of this court reversed, holding that the trial court abused its discretion in granting the DVRO "without a hearing that comported with due process." (*Ibid.*; see also *id.* at pp. 935-936.)

The respondent in *D.S. & A.S.*, *supra*—unlike responding husband here—filed a prehearing written response to the DVRO request and appeared at the hearing. Further, in *D.S. & A.S.*, there was no issue on appeal related to the trial court's failing to continue the hearing. *D.S.& A.S.* provides no support for husband's claim of error.

Husband also relies on *J.M. v. W.T.* (2020) 46 Cal.App.5th 1136. There, the plaintiff filed an application for DVRO and was granted a TRO, with a hearing scheduled 21 days later. (*Id.* at pp. 1137-1138.) Five days before the hearing, the plaintiff filed a request for continuance, stating as grounds for the request that he had been unable to serve the defendant, and that he (the plaintiff) had been scheduled (after the application's filing) for medically necessary surgery one day before the hearing and would be physically unable to participate at the hearing. (*Id.* at p. 1138.) There was no appearance by either party at the hearing, the court denied the plaintiff's continuance request, and it dismissed his DVRO application with prejudice. (*Id.* at pp. 1138-1139.) The appellate court reversed, concluding that the trial court had abused its discretion in denying the plaintiff's request for continuance. (*Id.* at p. 1140.)

*J.M. v. W.T.*, *supra*, bears no similarity to this case. There, the party (applicant for the DVRO), before the hearing, filed a motion to continue the hearing with specific grounds supporting the request; here, husband submitted no written or oral continuance request and made no attempt to advise the court of circumstances that would prevent his submitting a response to the DVRO Request or from making an appearance at the hearing. *J.M. v. W.T.* offers no support for husband's claim of error.[19]

Lastly, husband contends that the trial court's alleged failure to grant a continuance of the March 29 hearing violated his due process rights, including the right to cross-examine witnesses. This contention fails because, as discussed above, *there was no denial of a continuance by the trial court at all*, because the court was neither presented with a continuance request by husband, nor with circumstances that would warrant the court's sua sponte continuance of the hearing. (Cf. *People v. Panah* (2005) 35 Cal.4th 395, 425 [noting in the context of the denial of a motion to continue trial, which generally rests within the trial court's sound discretion, whether such denial is a violation of due process must be determined from circumstances of the case].) Moreover, the case authorities cited by husband in support of his due process claim have no application to this case. (See *D.S. & A.S.*, *supra*, 87 Cal.App.5th at pp. 933, 935-936 [grant of DVRO after hearing attended by both parties without live testimony or presentation of evidence violated respondent's right to due process]; *CSV Hospitality Management, LLC v. Lucas* (2022) 84 Cal.App.5th 117, 125 [denial of respondent's right to cross-examine accusing witness at hearing on application for workplace violence restraining order constituted violation of due process]; *Lovato v. Santa Fe Internat. Corp.*

---

[19] Similarly, two other cases relied on by husband, which involved orders denying formal motions to continue, offer no support to his position. (See *In re Marriage of Teegarden* (1986) 181 Cal.App.3d 401, 405-407 [no abuse of discretion in trial court's denial of husband's motion to continue trial based upon illness]; *Young v. Redman* (1976) 55 Cal.App.3d 827, 831-832 [no abuse of discretion in trial court's denial of defendant's motion to continue trial].)

(1984) 151 Cal.App.3d 549, 553-555 [trial court erred in denying defendant's motion to set aside default due to suspended attorney's inaction in responding to discovery].)

### 3. Conclusion

The grant or denial of a motion to continue is vested in "the sound discretion of the trial court. [Citation.]" (*Forthmann*, *supra*, 97 Cal.App.4th at p. 984.) The burden is on the party challenging the continuance order to show from the record that such abuse of discretion occurred. (*Id.*, at p. 985.) These principles lack application here because, as we have discussed, *there was no continuance request by husband that was before the court*. Moreover, we reject husband's contentions that the trial court *was required*, under Family Code section 245, subdivision (a), to grant him a continuance that he did not request, or to grant a continuance sua sponte under Family Code section 245, subdivision (b). We therefore affirm in appeal No. H051451 the March 30 order granting wife's DVRO Request.

## III.    DISPOSITION

In appeal No. H051443, the August 1, 2023 order denying appellant A.L.'s request to set aside the March 30, 2023 domestic violence restraining order is affirmed. Statutory costs are awarded to respondent J.A.

In appeal No. H051451, the March 30, 2023 order granting respondent J.A.'s request for a domestic violence restraining order is affirmed. Statutory costs are awarded to respondent J.A.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

***In re the Marriage of J.A. and A.L.; J.A. v. A.L.***
**H051443**
**H051451**